# Romig's Appeal.

The orphans' court cannot exercise jurisdiction upon a petition for a writ of partition and valuation of an estate, of which the intestate was a tenant in common with another person at the time of his death. And if any portion of his estate thus held, be included in the proceedings, it vitiates the whole, although the other tenant in common assents to it.

APPEAL by John Romig and David Romig, intermarried with two of the daughters of Philip Rudy, deceased, from the decree of the orphans' court of *Union* county, confirming the proceedings upon a proceeding by writ of partition and valuation of the real estate of the said deceased.

In the petition presented to the court for the writ of partition and valuation, it was set out that the said Philip Rudy, deceased, died seised of several tracts of land, and also " an undivided moiety of a tract of land containing three acres." This tract he held as tenant in common with Michael Obermyer, who, upon the writ of partition, after it went into the hands of the sheriff for execution, made an endorsement, " agreeing that the jury of inquest may divide and appraise the whole."

The inquisition was held, the land appraised and awarded by the court to one of the heirs, who entered into recognizances for the payment of the shares of the other heirs.

*Donnel*, for appellants, cited 3 *Penn. Rep.* 507; *Str. Purd.* 785, sects. 36, 38, 39, 40.

*Merrill*, for appellees.

Per Curiam.—Of a part of the premises named in the writ and inquisition, the orphans' court had not jurisdiction. The proper course, to divide the estate of an intestate tenant in common, was pointed out in Feather *v.* Strohœcker, 3 *Penn. Rep.* 505, and ought to have been pursued here; for the consent of the other tenant in

common could not give the orphans' court a jurisdiction which the legislature had withheld from it. As then we cannot quash the writ and inquisition in part, the whole must be quashed.

Proceedings quashed.