[No. 15555.  In Bank.—March 26, 1894.]

# EDMUND J. BUCKLEY, Petitioner, *v.* THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

ESTATES OF DECEASED PERSONS—TENANCY IN COMMON—PARTITION—JURISDICTION OF PROBATE COURT—PROHIBITION.—The probate court has no jurisdiction to make partition among the heirs of a decedent of an undivided interest in real property owned by the decedent as a tenant in common with strangers not parties to the probate proceedings, and a writ of prohibition will be issued to prevent such a partition.

ID.—PROBATE JURISDICTION  STATUTORY.—Proceedings for the administration of the estates of deceased persons and for their distribution are purely statutory; and the court, while sitting as a court of probate, has no other powers than those given it by the statute, and such incidental powers as pertain to it for the purpose of enabling it to exercise the jurisdiction conferred upon it.

ID.—DISPUTES BETWEEN HEIRS AND STRANGERS.—The probate court has no power to determine disputes between heirs or devisees and strangers as to the title to property.

ID.—PARTITION, WHEN ALLOWABLE IN PROBATE.—Partitions cannot be made in probate unless the interest of the decedent is an estate in severalty; and the authority to make partition in certain cases of joint tenancy must be confined to a single estate which was the property of the decedent.

ID.—JURISDICTION OF UNDIVIDED INTERESTS.—The grant of jurisdiction to the probate court of all undivided interests does not intrust the court with power to make partition or allotment of property in which strangers have an interest.

ID.—PARTITION IN CONNECTION WITH DISTRIBUTION—TIME FOR FILING PETITION—MANDATORY STATUTE—JURISDICTION.—In the cases where partition is allowable in connection with the distribution of an estate, under sections 1675 and 1676 of the Code of Civil Procedure, the provision of 1676 that "the petition may be filed," etc., "and notice given at any time before the order or decree of distribution," is not merely permissive, but mandatory; and unless the jurisdiction to make partition after the decree is saved by a petition filed, and notice given before the decree, the jurisdiction of the court is exhausted by the decree, after the entry of which it has ordinarily no power over the property or the rights of the distributees; and thereafter courts of equity alone can afford relief.

APPLICATION to the Supreme Court for a writ of prohibition to the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*A. Comte, Jr.*, and *Freeman & Bates,* for Petitioner.

*Blake, Williams & Harrison,* for Respondent.

The COURT.—This is an application for a writ of prohibition commanding respondent to refrain from further proceedings in the estate of Catherine M. A. Buckley, deceased, respecting the partition of certain real estate.

The petition shows that, at the time of her death, C. M. A. Buckley was the owner of undivided interests in certain real property situated in the counties of Napa, Marin, and San Francisco; that on May 12, 1893, the final account of the executor was allowed and approved; that on the same day the decree of final distribution of the estate was entered distributing one-half of the interest of decedent to Vincent P. Buckley, and the remaining one-half interest to E. J., Paul K., and Margaret G. Buckley. No petition for the partition of the estate of the decedent had been filed by any person at the time when the order of distribution was made, nor at any time prior to June 17, 1893; on the day last named Vincent P. Buckley presented a petition praying that commissioners be appointed to make a partition of all the estate of decedent, including said undivided interests; thereafter, August 30, 1893, the court made an order directing that partition of the estate be made among said persons entitled thereto in proportion to their respective rights, and that William E. White, Martin J. Burke, and Frank W. Lawlor be appointed commissioners to make the partition.

It is claimed by petitioner that the court below did not have jurisdiction in the proceedings sought to be prohibited: 1. Because the proceeding is for the partition in probate of property of which the decedent was a tenant in common; and 2. Because jurisdiction cannot exist in any case to make partition in probate proceedings, unless the petition therefor is filed before the entry of the final decree of distribution.

We see no escape from the conclusions contended for by the petitioner. Proceedings for the administration of the estates of deceased persons, and for their distribution, are purely statutory. The court, while sitting as a court of probate, has no other powers than those given to it by the statute, and such incidental powers as pertain to it for the purpose of enabling it to exercise the jurisdiction which is conferred upon it. It has no power to determine disputes between heirs or devisees and strangers as to the title to property. (*Smith* v. *Westerfield*, 88 Cal. 378; *In re Haas*, 97 Cal. 232.)

Section 1675 of the Code of Civil Procedure, conferring upon the probate department of the superior court power to partition estates held in common, and undivided, applies only to cases before the court in which it is possible to set aside property to be held in severalty. Partition necessarily results in the termination of the cotenancy, and vests in each person a sole estate in a specific purparty or allotment of the lands; but here any one of the parcels which may be set aside to the minor heirs could not be finally held in severalty under the decree, because of the title of the other cotenants not before the court. Another partition would follow, which might result in setting aside to the cotenants not now before the court the same land which the probate court had set aside to the minors. That partition cannot be made in probate unless the interest of the decedent is an estate in severalty we think is clear. (*Richardson* v. *Loupe*, 80 Cal. 496.) The subject matter of the jurisdiction is the property of the deceased only, and this jurisdiction cannot be extended, even by the consent of all parties interested in the property. The probate court is authorized to make partition only in certain cases of joint tenure. Its action must be confined to a single estate. Under statutes like ours partition is had only because the land was the property of the decedent, not because it is the land of heirs. The fact that jurisdiction of all undivided interests of a de-

cedent is given does not evince a purpose to intrust the court with the power to make partition or allotment of property in which strangers have an interest. (*Snyder's Appeal*, 36 Pa. St. 168; 78 Am. Dec. 372. See, also, *Matter of Will of Walker*, 136 N. Y. 28; *Romig's Appeal*, 8 Watts, 415.)

The cotenants not before the court could not be affected by the partition. Section 1686 of the Code of Civil Procedure makes the decree binding only "on all parties interested in the estate." The court may recognize the interests of grantees of the heirs or devisees, and the simple fact that the code (sec. 1678) makes special provision for such grantees, indicates that it was not intended to extend the rule any further. Sections 1676 and 1683 require that notice be given to all parties interested residing in the state, before the commissioners are appointed, or partition is ordered, stating the time and place and where the commissioners will proceed to make the partition; but the probate court can inquire only as to who are parties in interest claiming under the decedent, and whether the proper notice has been given to them. As it has no jurisdiction of any one except those interested in the estate, it is clear that it cannot determine whether proper notice has been given to the latter, or bring them within its jurisdiction.

The authorities cited by counsel for respondent we think do not sustain his contention. *Brennan* v. *Hill*, which is reported in *Gates* v. *Irick*, 2 Rich. 599, was decided upon the provisions of the acts of 1824 and 1839, referred to in the opinion, and the court said that these acts were intended to save the delay and expense to these proceedings in equity, by giving to the judges of the courts of ordinary, jurisdiction to make partition of the real estates of deceased persons, by sale or division in certain cases. . . . . When a judge of the court of equity was required incidentally to decide upon questions of title, he, according to his discretion, determined for himself, or sent an issue to be tried at law. The act of

1824 transferred cases of a limited amount, within this branch of equity jurisdiction, to the courts of ordinary, thus making them, as to such matters, inferior courts of equity; and by the right of appeal to the court of common pleas, a trial by jury was saved to any party who desired it." No such intention on the part of the legislature is manifested in our statutes. In *Earl* v. *Rowe*, 35 Me. 421, 58 Am. Dec. 714, it appears that the statute authorized partition after settlement. The parties were all heirs or devisees.

2. Section 1666 of the Code of Civil Procedure provides that in the decree of distribution the court must name the persons and the proportions or parts to which each shall be entitled, and that such decree is conclusive, subject only to be reversed, set aside, or modified on appeal. Ordinarily after the entry of this decree the court has no power over the property or the rights of the distributees (*Wheeler* v. *Bolton*, 54 Cal. 302), and courts of equity alone can afford relief. (*Estate of Hudson*, 63 Cal. 454.) Sections 1675 and 1676 of the Code of Civil Procedure, however, provide for an exception, viz: that when the estate assigned by the decree to two or more heirs, devisees, or legatees is common, and the respective shares are not separated, partition may be made by three disinterested persons. The partition can be ordered on the petition of any person interested in the estate, but said petition must be filed, and the attorneys, guardians, and agents representing absent parties must be appointed and notice given before the order or decree of distribution is made. It is claimed by counsel for respondent that the section as to time is merely permissive. It says the petition *may be* filed and notice given at any time before the decree, but we think the intention was that it must be filed before the decree of distribution. There is every reason for so holding. As stated before, ordinarily the court loses jurisdiction over the property after the entry of the decree of distribution, except to compel delivery. The section gives to the court the power to reserve its juris-

diction to proceed beyond the making of the decree. For this purpose the parties in interest must be kept before the court, and must be given an opportunity to protect themselves in the proceedings looking to a division of their property. If a petition may be filed at any time after the decree of distribution is entered, how are the parties to have notice of the intended proceedings? Must they watch the record for years at their peril? The notice required by section 1676 is confined to "all persons interested who reside in this state, or to their guardians, and to the agents, attorneys, or guardians *if any*, in this state, of such as reside out of this state." Every one interested in the settlement of an estate is supposed to be before the court, and to take notice of its proceedings, but when the estate has been settled and the interests of all parties have been ascertained by the decree of distribution, and the property has been set over to them absolutely and unconditionally without any previous proceedings indicating an intention to divide the property, the jurisdiction of the court is exhausted.

We think that the court below ought not to proceed any further towards the partitioning of the undivided interests described in the affidavit filed herein. The rights of the parties should be settled by a suit for partition, in which all persons having any interest in the lands may be made parties, and in which the commissioners will not be required to divide the property in each county separately, as they would have to do under section 1677.

It is ordered that the writ issue as prayed for.

BEATTY, C. J., being disqualified did not participate in the foregoing decision.

Rehearing denied.