[Civ. No. 141.   Third Appellate District.—May 15, 1906.]

In the Matter of the Estate of RICHARD HEENEY, Deceased; Heirs of LULIA A. HEENEY, Deceased, Appellants; RICHARD J. HEENEY, Administrator, Respondent.

ESTATES OF DECEASED PERSONS—ACCOUNTS OF ADMINISTRATOR—PAYMENTS BEFORE APPOINTMENT—CLAIM NOT PRESENTED.—An administrator was improperly allowed in the settlement of his accounts for moneys paid before his appointment for one-half of a mortgage debt, paid by himself and another brother, which was legally assigned to a sister, and became vested in appellant's intestate, and for moneys before expended in a suit by the heirs to quiet their title, which prior expenditures were made with a view to prevent probate proceedings, which all the heirs were seeking to avoid, and for which no claim was presented by the administrator against the estate.

ID.—OUTSTANDING MORTGAGE—LEGAL AND EQUITABLE RIGHTS—PLEADING ESSENTIAL—EQUITY POWERS.—While probate courts have all the powers of a court of equity in the settlements of estates, yet considering the fact that the mortgage made by the decedent stood unreleased in the name of one of the deceased heirs, and that the heir of a deceased brother, who paid the other half of the mortgage, had an equitable interest as great as that of the respondent, their respective rights could not be adjudicated or preserved in a proceeding for the settlement of the administrator's account; but the conflicting interests of heirs or lienors can only be determined in an appropriate proceeding under proper pleadings.

ID.—ATTORNEYS' FEES IN DEFENDING SUIT.—It seems that attorneys' fees paid by the administrator in defending a suit brought against the decedent in his lifetime to foreclose a lien for a street assessment, which was successfully defended, were properly allowed to the administrator.

ID.—TAXES PAID.—Taxes paid by the administrator on the property were properly allowed; and the probate court may, under a proper petition, adjust the rights of other heirs who are equitably entitled to be reimbursed for taxes paid by them or those under whom they claim.

APPEAL from an order of the Superior Court of San Joaquin County settling the account of an administrator. Frank H. Smith, Judge.

The facts are stated in the opinion of the court.

J. J. Fitzgerald, for Appellants.

R. C. Minor, for Guardian of Minor, Appellant.

Ashley & Neumiller, for Respondent.

McLAUGHLIN, J.—Richard Heeney died intestate in 1892, leaving five children who were his only heirs. Of these children, Mary E., died in December, 1896, William in April, 1900, Lulia A., in May, 1901, and Walter in April, 1903. The only survivor, Richard J., is respondent herein, and the husband and child of Lulia A., as her sole heirs, are appellants. William left a widow, but neither Mary nor Walter were ever married. By reason of a tacit understanding or agreement among the heirs, no administration was had upon the father's estate until March 8, 1901, when letters were issued to the respondent. The only property consisted of the family residence or home, and up to May, 1903, it was used as the residence and home of the family under a mutual agreement between them. From May, 1903, until February, 1904, the home was occupied by the appellant and his child. When Richard Heeney died, his property was mortgaged for the sum of five hundred dollars, and in 1895, the two adult sons, William and Richard J., paid the mortgage debt and caused the mortgage to be assigned to their sister Mary under an agreement, and pursuant to the advice of their attorney that it should be assigned to the oldest member of the family. Before her death, Mary assigned this mortgage to Lulia, in whose name it now stands of record. Up to the time of William's death he and respondent also paid all taxes levied upon the property, and after the death of William, the respondent paid all taxes except those levied for 1904, which were paid jointly by respondent and appellant pursuant to an agreement had between them.

Certain actions to foreclose liens for street work had been pending for some time, and in 1900, respondent employed and paid an attorney to defend these suits and prosecute an action to quiet title brought by the surviving heirs against the Pacific Paving Company, a corporation claiming a lien on the property. The litigation was carried to a successful issue, but certain costs paid by respondent were not recovered by him.

In his final account as administrator of his father's estate, respondent claimed credit for one-half of all sums paid by himself and William, and the full amount paid by him individually as above mentioned, and also inserted items of credit for interest on the sums so paid. In the report accompanying his account he alleged that all of these payments were made for the benefit of the estate and with the consent of the other heirs. The appellant in his individual and representative capacities filed exceptions to these items in the account and asked that certain expenditures made by him for the benefit of the estate be also allowed.

The court refused to allow the administrator credit for sums paid for taxes on the mortgage, or for constructing a sidewalk on the premises, and also disallowed all charges for interest on these and other amounts expended by respondent. He was, however, credited with the amount paid by him in satisfaction of the mortgage, and for taxes on the property, and also for sums paid out by him for attorneys' fees and costs in the litigation with the Paving Company. The contestant appeals from the order settling the account, upon a bill of exceptions containing all of the evidence presented at the hearing. This evidence consists wholly of the testimony of respondent and tax and other receipts, which, with the written assignment of mortgage to Mary E. Heeney were presented by him as vouchers. No claim for any of the amounts was ever presented by the administrator, and the appellant contends that the court erred in allowing the various items above mentioned.

It is claimed by respondent that his appointment and qualification caused his letters or authority to relate back to the time of his father's death, thus validating all of his acts before such appointment, which were, in their nature, beneficial to the estate, and which would come within the scope of

an administrator's rightful authority. That this rule obtains in many jurisdictions cannot be doubted. (Schouler on Executors, sec. 195; Woerner's American Law of Administration, sec. 173; 7 Am. & Eng. Ency. of Law, 1st ed., p. 193.) But in view of our specific and comprehensive code provisions regulating the settlement of estates, there can be very little room for the application of such a rule in this state. Granting, however, that it can have force here under proper conditions and circumstances, we are of the opinion that the court erred in allowing the item of $250 paid on the debt secured by mortgage on the property. To begin with, the testimony of respondent himself shows that such payment was not made with any thought of a subsequent administration of the estate. On the contrary, according to his version, the very object for which this and other payments were made was to dispense with the necessity of probate proceedings which all of the heirs were seeking to avoid. It would, indeed, be passing strange if acts done with deliberate intent to avoid compliance with the forms of law could receive the sanction of the law whose mandate the actor sought through such acts to evade. Great stress is laid upon the alleged fact that this desire and agreement was mutual and that all heirs consented to the payments made and further agreed that the money should be refunded. Waiving the self-evident fact that the minor heir could neither lend assent to the payment nor to an agreement of any kind, the most formal agreement could not dispense with the usual and ordinary procedure fixed by law for settling the estate of a deceased person. (*Estate of Strong*, 119 Cal. 667, [51 Pac. 1078].) We have found no case and believe none can be found where the rule invoked was applied under the circumstances disclosed by this record. There are other cogent reasons why the item under consideration should not have been allowed as a credit in the administrator's account. Under the system obtaining in this state there can be no doubt that *all* claims must be presented and allowed before the administrator can have "rightful authority" to pay them. (Code Civ. Proc., sec. 1493 et seq.) It is possible that after an action to foreclose a mortgage has been commenced, as provided in section 1500 of the aforesaid code, the administrator might be authorized to compromise or fully pay the demand without such presentation or

allowance. But even if this be true, this single exception to the general rule that no action against an estate will lie unless a claim has been presented cannot be construed as conferring upon an administrator sweeping general authority to pay all debts secured by mortgage without either presentation or suit. Therefore, under the rule invoked, and certainly under the provisions of our code, no payment made by a person without authority can be validated when the same payment, if made by a duly qualified administrator, would not be sanctioned or allowed in his account. Taking the view most favorable to respondent, he and his brother William became the equitable assignees of the mortgage lien and claim, when they paid the debt and procured an assignment of the note and mortgage to their sister. If a stranger had paid the money and procured the assignment of the mortgage and debt to another, there could be no question that he would at least be required to present his claim or proceed under section 1500 *supra*. In fact, a suit to which the *legal* assignee was a party would be indispensable to a proper adjustment of rights involved, and to the protection of the estate. If this be true, then certainly the mere fact that the legal as well as the equitable assignees were heirs cannot operate to dispense with formalities required in the matter of simple claims attended by no such complications. Considering the fact that the mortgage now stands unreleased in the name of one of the deceased heirs, and that the heir of William has an equitable interest as great as that held by respondent, it must be apparent that the respective rights of heirs and the estate could not be adjudicated or conserved in a proceeding like the one under review. While probate courts have all the powers of a court of equity in the settlement of estates, the conflicting interests of heirs or lienors, no matter what their nature or origin, can only be determined in appropriate proceedings under proper pleadings. (*Smith* v. *Westerfield*, 88 Cal. 374, [26 Pac. 206]; *Guardianship of Breslin*, 135 Cal. 22, [66 Pac. 962]; *Thellar* v. *Such*, 57 Cal. 459; *Brickley* v. *Superior Court*, 102 Cal. 8, [41 Am. St. Rep. 135, 36 Pac. 360].) The necessity for such a proceeding is very apparent here. In the proceeding for the settlement of the final account the rights of the parties could not possibly be conserved or adjusted. It is manifestly unjust that respondent have an

opportunity to recoup, while the heirs of William get nothing, and it is equally as unjust to credit him with taxes paid and deny appellant a like credit. It is said that no claim for the outlay made by William was ever presented, but the obvious answer to this is that if the presentation of a claim was necessary to secure reimbursement for the widow of William, then respondent as his coassignee can occupy no more favorable position. One thing is certain, and that is that the law does not contemplate that the claims of an administrator for reimbursement for moneys expended before his appointment, can be established by his uncontradicted evidence, especially when such evidence and the assignment presented as his voucher show that on the face of the record the legal claim or right is in another whose rights are not foreclosed. (Code Civ. Proc., sec. 1632; *Horton* v. *Jack,* 115 Cal. 29, [46 Pac. 920].)

We cannot see how the expenses incurred in the suit brought by the heirs can be considered or allowed as charges against the estate. If heirs choose to bring suit to remove a cloud from their title to property, no one can object, but the expenses of such litigation are to be adjusted and paid by the parties to the action and not by the estate of which the property forms a part. To hold otherwise would be to make an estate liable for expenses and costs which could not be controlled or measured by an administrator or executor, and invite confusion, if not absolute waste, in the settlement of estates. It may be that attorney's fees paid by the administrator in defending the suit brought in his father's lifetime were properly allowed. The evidence is meager as to the time and circumstances of such payments. If the liability therefor was incurred after his father's death and the employment of an attorney was necessary to safeguard the interests of the estate, they should be allowed under the rule first considered herein. The same may be said of taxes paid by the administrator, but it may be remarked that in our opinion the probate court may, under proper petition, adjust the rights of the other heirs who are equitably entitled to reimbursement for taxes paid by them or those under whom they claim.

The order is reversed.

Buckles, J., and Chipman, P. J., concurred.