[Sac. No. 3045. In Bank.—June 17, 1921.]

In the Matter of the Estate of MANUEL S. MACHADO, Deceased. ROSIE R. MACHADO, Individually and as Guardian, etc., Appellant, v. F. A. MACHADO, as Administrator, etc., Respondent.

[Sac. No. 3077. In Bank.—June 17, 1921.]

In the Matter of the Estate of MANUEL S. MACHADO, Deceased. F. A. MACHADO, as Administrator, etc., Appellant, v. ROSIE R. MACHADO, Individually and as Guardian, etc., Respondent.

[1] ESTATES OF DECEASED PERSONS — SETTLEMENT OF FINAL ACCOUNT—APPEAL—CONTESTED ITEM—ABSENCE OF FINDING—INSUFFICIENT GROUND FOR DISALLOWANCE.—On an appeal from an order settling the final account of an administrator, the allowance of a contested item is not to be set aside because there was no finding to support it.

[2] ID.—SETTLEMENT OF ACCOUNT—FINDINGS UNNECESSARY.—Findings are not necessary on the settlement of an account of an executor or administrator.

[3] ID.—PAYMENT OF DEBT JUSTLY DUE—SUFFICIENCY OF EVIDENCE TO SUPPORT A FINDING—ALLOWANCE OF ITEM.—Where on appeal from an order settling the final account of an administrator there was evidence sufficient to support a finding that the amount paid

by the administrator on a contested item was paid in discharge of a valid debt justly due from the the decedent, and that it was the true amount of such indebtedness over and above all offsets and was paid in good faith, the allowance must stand.

[4] ID.—PAYMENT OF PARTNERSHIP DEBT—DISALLOWANCE OF ITEM—ALLOWANCE IN PARTNERSHIP ACCOUNT.—Where on the settlement of an account of an administrator an item was rejected on the ground that it represented the payment of a debt of a partnership of which the deceased was a member and not an individual debt of the deceased, such item should have been admitted to the partnership account.

[5] ID. — APPEAL — CORRECTION OF ITEMS OF ACCOUNT — POWER OF COURT.—When the decree allowing a final account is found to be erroneous as to an item or items, the appellate court may direct the decree to be corrected and, as corrected, affirm it.

APPEALS from an order of the Superior Court of Butte County settling the final account of an administrator. H. D. Gregory, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

J. Oscar Goldstein for Appellant in No. 3045 and for Respondent in No. 3077.

F. I. Lemos and Jordan & Brann for Respondent in No. 3045 and for Appellant in No. 3077.

OLNEY, J.—This appeal was first heard by the district court of appeal for the third district, and after decision by it transferred to this court. In deciding the case the district court of appeal handed down an opinion, written by Judge Prewett, very concisely and satisfactorily disposing of most of the questions involved. That opinion, with the exception of the direction for reversal of the order appealed from, is as follows:

"In the matter of this estate there are two appeals. One is by the administrator and the other by the widow. The administrator was appointed as such upon the waiver and consent of the widow. He agreed to serve without compensation. Differences having arisen between the parties, he tendered his resignation. This resignation was tendered after the trial court had intimated the existence of sufficient grounds for his removal. He filed his final account and

these two appeals are the result of the action of the trial court in allowing and rejecting items therein contained.

"The rulings on ten items are assigned as error; but as to most of them the action of the trial court is so clearly right that they may be disposed of in a few words.

"1. The court refused to allow the administrator credit for the sum of $725 paid to the widow by him prior to his appointment as administrator and long before any family allowance was authorized. The court properly held that this advancement was not by way of family allowance and relegated the claimant to other remedies.

"2. The administrator claims the sum of $236, paid by him for a lot in a cemetery near San Francisco for the burial of the body of the deceased. The court properly held that this lot was purchased by the administrator for his own purposes and that some of his family are buried therein. The widow testified that she was not consulted about the matter and that she intends to remove the body of her husband to the county of Butte, where she resides.

"3. The administrator claims $115 which he paid out for automobiles for the use of guests in attending the funeral. However, this item is not included in the account, it is not made the subject of a finding, and the court neither allowed nor rejected it.

"4. The administrator insists that he paid a claim of the Butte City National Bank of Chico in the sum of $1,531.65, for which payment he should receive credit. However, it was found by the court upon competent evidence that the payment was not made by the claimant but by the copartnership of which deceased was in his lifetime a member. Moreover, the payment was made without the presentation of any claim therefor and the court has not found that the same was justly due and was paid in good faith. The claim was properly rejected.

"5. The claim of the administrator for $75 paid to an accountant was rejected by the court upon the ground that the accountant was hired and paid by the partnership. There appears to be no error in this.

"6. The court denied the claim of the administrator for an allowance by way of administrator's commissions. The court found, and the evidence justifies the finding, that he contracted with the widow that he would charge no fees.

This, in view of the fact that she subsequently waived her right to administer, justified the court in refusing to allow the claim.

"7. The court allowed only one-half the computed attorney's fees to the administrator. The matter rested in the sound discretion of the court. The estate was not wholly administered by the claimant and it was proper for the court to divide the fees. Neither party is here insisting that the court should have delayed this matter until the close of the administration. We think the court did not abuse its discretion.

"8. The most important item involved in this appeal is the claim of the administrator for the allowance to him of the sum of $12,509.32 paid on notes held against the deceased by the Gianella Land Company. He paid this sum on February 11, 1918—about two months after the entry of the order appointing him as administrator. No verified or other claim was ever presented to the administrator by said land company or by any one in its behalf. The court found that this claim was justly due; that it was paid in good faith; that the amount paid was the true amount over and above all setoffs or payments, and that the estate was solvent. These findings are fully supported by the evidence, and these facts were proven to the satisfaction of the court. This method of handling an estate is not to be commended, and the court should scrutinize such transactions with great care. But in this case there seems to be no doubt of the facts, and under the provisions of section 1632 of the Code of Civil Procedure the claim was properly allowed. In a thoroughly clear case the law tolerates such payments.

"9. There was allowed to the administrator credit for a payment of one thousand five hundred dollars to the Portuguese-American Bank, under circumstances precisely similar to the foregoing, save in one particular. This payment was made on December 21, 1917, being four days subsequent to the date of filing his petition for letters of administration. Whether a payment could be allowed when made by a stranger to the administration and before he had become connected therewith need not be at this time determined, although some California authorities incline to their allowance. (*In re Galland's Estate,* 92 Cal. 293, [28 Pac. 287].) In *Estate of Heeney,* 3 Cal. App. 553, [86 Pac. 842], this

court uses the following language: 'One thing is certain, and that is that the law does not contemplate that the claims of an administrator for reimbursement for moneys expended before his appointment, can be established by his uncontradicted evidence.' But in the instant case the petitioner had already filed his petition and the widow had consented in writing to his appointment. At the time of making the payment there existed practically no doubt that in a few days he would be appointed. The estate was paying interest on the amount and it was clearly for the best interest of the estate that the obligation should be liquidated without delay. Under these circumstances we find no embarrassment in holding that the appointment subsequently made related back, for the purposes of this payment, to the date of filing the petition for letters. This view finds support in 11 R. C. L., page 464, where we read: 'In effect the subsequent granting of letters of administration relates back to the death of the intestate, and makes valid acts which otherwise would or might have been tortious.' This payment was properly allowed.

"10. The last of the disputed items is the sum of $2,464.51 paid by the administrator in liquidation of a note to A. S. Quartos. The item was paid on March 11, 1918, and the court allowed the administrator credit for it in his account. The attorney who drafted the findings for the court omitted therefrom any reference to this claim. We find in the record therefor no determination by the court that the amount was justly due; that it was paid in good faith and that the amount paid was the true amount over and above all set-offs. That this was an oversight we are assured from the fact that the court allowed the credit and that both parties in their briefs take it for granted that the proper findings had been made. Under this state of the record it seems that we have no alternative save to set aside its allowance."

[1] The foregoing opinion is adopted as the opinion of this court except as to the conclusions reached by it with respect to the items discussed under numbers 4 and 10. Taking up the latter item for discussion first, it will be noted that the district court of appeal concluded that the allowance of this item had to be set aside because there was no finding to support it. This conclusion was based, of course, upon the assumption that a finding was necessary, an as-

sumption which in justice to the court we should say was apparently concurred in by the parties. [2] But on the settlement of an account of an executor or administrator findings are not necessary. This has been repeatedly held. (See *Estate of McPhee,* 156 Cal. 335, [Ann. Cas. 1913E, 899, 104 Pac. 455], and cases there cited.) This being the law, the fact that the order settling the account is not supported by a finding as to this item is immaterial. There is implied in support of the order a finding of any facts necessary to sustain it, and unless such implied finding is not supported by the evidence the order must stand. [3] There was evidence sufficient to support a finding that the amount paid by the administrator was paid in discharge of a valid debt justly due from the decedent, was the true amount of such indebtedness over and above all offsets, and was paid in good faith. This being the case, the allowance of this item must stand.

[4] As to the item discussed under number 4, it will be noted that the probate court disallowed it on the ground that it was the payment, not of a debt of the decedent, but of the partnership of which the decedent was a member, having a three-fifths interest. The administrator settled the partnership accounts in the course of his administration of the estate, and submitted the partnership account with his administrator's account and charged himself in the latter account with the decedent's share of the balance shown by the partnership account. Now, it is evident that if the payment in question was one of a partnership debt and was rejected for that reason from the administrator's account, it should have entered into the partnership account, and entering there, it would reduce the balance shown by that account, and proportionately reduce the amount chargeable against the administrator as the share of the estate in the partnership balance. In other words, the situation was that the payment should have come into one account or the other. If it was the payment of an individual debt of the decedent, it should have come into the account of the administrator. If it was the payment of a debt of the partnership, it should have come into the partnership account and in that manner the decedent's share of the debt—three-fifths—have finally come into the administrator's account. The probate court found that the payment was of a partnership debt and re-

jected it from the administrator's account. But when the court did this, it followed as a necessary consequence that the payment should have been admitted to the partnership account, unless it were already there. We have examined that account and it is not there. It follows that it should have been admitted there. Its admission there would, of course, mean that finally the administrator would be charged in his account with an amount less than that with which he was charged by three-fifths of the payment, the decedent's share of the partnership debt. Three-fifths of the payment is $918.99.

[5] There is no necessity for reversing the order in order to allow the administrator this amount. As was said in *Estate of Adams*, 131 Cal. 415, 420, [63 Pac. 838, 840], "When the decree allowing a final account is found to be erroneous as to an item or items, this court may direct the decree to be corrected, and as corrected affirm it."

The order appealed from is modified by substituting for the sum of $7,467.05, with which the appellant F. A. Machado is adjudged to be chargeable and which he is directed to pay over to Rosie R. Machado Costa, as administratrix, the sum of $6,548.06, and as so modified the order is affirmed, the appellant F. A. Machado to recover costs.

Shaw, J., Wilbur, J., Angellotti, C. J., Sloane, J., Lennon, J., and Lawlor, J., concurred.