### In re DUREL et al.

### BARUSCH v. BRAINARD.

(Circuit Court of Appeals, Ninth Circuit. February 1, 1926. Rehearing Denied March 8, 1926.)

#### No. 4646.

1. **Garnishment ⊚➡61—Executor not liable as garnishee respecting legacy in absence of statute.**

In absence of a statute an executor cannot be held as garnishee in respect to a legacy of money bequeathed by his testator.

2. **Courts ⊚➡365—United States Circuit Court of Appeals required to follow state cases on matter in controversy, in absence of state statute.**

Where there was no state statute authorizing attachment of personal property in hands of executor, Circuit Court of Appeals was required to follow state cases on the subject unless expressions of state court were mere assumption by way of argument.

3. **Executors and administrators ⊚➡154—Possession of decedent's property pursuant to order of probate court is possession of court.**

Possession of property of a decedent taken pursuant to order of probate court is possession of court.

4. **Garnishment ⊚➡61—Legacy held not subject to garnishment by creditors prior to decree of distribution.**

Personal property bequeathed to debtor and in possession of executor prior to decree of dis-

tribution *held* not subject to garnishment by bankrupt's creditors under Code Civ. Proc. Cal. § 544, prior to enactment of section 561.

Appeal from and Petition for Revision of Order of the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

In the matter of Charles H. Durel and Henry Washington Dodge, doing business under the firm name and style of Durel & Dodge, a copartnership, bankrupt. Claim by Harry Barusch against G. W. Brainard, as trustee in bankruptcy of Charles H. Durel and another, doing business under the firm name and style of Durel & Dodge, a copartnership. From an order disallowing his claim, claimant petitions to revise and appeals. Affirmed.

This is a petition to revise an order denying an asserted lien of Barusch, a creditor, upon a sum received by Brainard, trustee in bankruptcy.

In 1920 Barusch sued Durel & Dodge, a partnership, to recover for services. Writ of attachment was issued and served upon the executors of the will of Washington Dodge, deceased, but no judgment has been rendered in the action. In July, 1921, Durel & Dodge as a copartnership, and the partners as individuals, were adjudged bankrupts and Brainard was elected trustee. In August Barusch filed his claim with the trustee. One of the bankrupts, Dodge, was a legatee under the will of Washington Dodge, deceased, who died in June, 1919. Some time prior to the bankruptcy, Dodge made an assignment of his legacy for the benefit of creditors to one Trolliet, who, in September, 1921, assigned his interest to Brainard, trustee in bankruptcy. Decree of distribution of the estate of Washington Dodge, deceased, made in January, 1923, and still in force and effect, recited that the executors had at a prior time been served with writs of attachment in actions pending in the state court and that by the terms of the writs the executors were notified not to turn over to any one but the sheriff any moneys or credits, debts due or owing defendants, or any personal property in their possession or under their control, belonging to defendants, or either of them. In the decree was a distributive clause to Brainard as trustee for Durel & Dodge, a partnership, and as assignee of the legacy of Henry W. Dodge, $20,000 less inheritance tax. Stipulation was entered into whereby it was agreed that distribution should be made to Brainard

10 F.(2d)—29

as trustee, "subject to" the writs of attachment; the creditor to lose no right under the writs.

The referee allowed petitioner's claim, but denied preference to it, and the District Court affirmed the referee's order.

R. H. Countryman, of San Francisco, Cal., for petitioner and appellant.

Joseph Kirk and Clarence A. Shuey, both of San Francisco, Cal. (Hubbard & Hubbard, of San Francisco, Cal., of counsel), for respondent and appellee.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). [1, 2] In the absence of a statute an executor cannot be held as garnishee in respect to a legacy of money bequeathed by his testator. Shin on Attachment, § 510; Drake on Attachments, §§ 492, 501; Colby v. Coates, 6 Cush. (Mass.) 558; Hudson v. Wilber, 114 Mich. 116, 72 N. W. 162, 47 L. R. A. 345, 68 Am. St. Rep. 465; Norton v. Clark, 18 Nev. 247, 2 P. 529; Whitehead v. Coleman, 31 Grat. (Va.) 784. The underlying reason of the decisions is that prior to a decree of distribution the estate is in the custody of the law, not subject to attachment which would delay and embarrass official proceedings in the administration of the estate. After decree of distribution is made, the share of the legatee has been finally determined and there may arise a right to bring action against the representative of the estate in his individual capacity. The Supreme Court of California, in re Nerac, 35 Cal. 392, 95 Am. Dec. 111, decided in 1868, conceded the rule above stated and pointed out that conditions change when it has been judicially determined that money is due from the executor and distribution is ordered. In Dunsmoor v. Furstenfeldt, 88 Cal. 528, 26 P. 518, 12 L. R. A. 508, 22 Am. St. Rep. 331, decided in 1891, the court again recognized the rule as stated in the Nerac Case. It therefore follows that inasmuch as at the time of the issuance and service of the writs of attachment upon the executors of the will of Washington Dodge, deceased, there was no statute of California expressly authorizing attachment of personal property in the hands of the executor, our duty is to follow the California cases, unless the expressions of the court were mere assumption by way of argument in no way imposing a duty upon us to conform to them. We think, however, that the court indicated accord with the general rule as the one ob-

taining when the decisions were rendered. Later decisions but confirm our understanding of the law of the state.

In Martinovich v. Marsicano, 137 Cal. 354, 70 P. 459 (1902), it was held that there was no statute authorizing the court to assign a share of an estate to one who holds a judgment lien or other incumbrance thereon made or suffered by the heir subsequent to the death of the ancestor; and in Estate of Howe, 161 Cal. 152, 118 P. 515 (1911), it was held that the probate court had no power to appropriate the estate of a legatee to the payment of his debts. Title, Insurance & Trust Co. v. Miller & Lux, 183 Cal. 71, 190 P. 433, cited by petitioner, was regarded as not a case where the court sitting in probate was determining a controversy between distributees and third persons adverse to the title of the decedent or of the distributees. Buckley v. Superior Court, 102 Cal. 6, 36 P. 360, 41 Am. St. Rep. 135; section 1665, C. C. P.

[3] The possession of the property of a decedent taken pursuant to order of the probate court is the possession of the court (Byers v. McAuley, 149 U. S. 608, 13 S. Ct. 906, 37 L. Ed. 867; Blythe v. Hinckley (C. C.) 84 F. 246), and prior to the enactment of section 561, infra, the executor was obliged by law to distribute a legacy to the legatee himself or to his assignee (section 1665, C. C. P.). The jurisdiction of the court in probate was limited. See cases cited.

[4] In 1923 a change was made, and by section 561, Code of Civil Procedure, the interest of a defendant in personal property belonging to an estate, whether as heir or legatee, may be attached by serving the personal representative of the decedent with copy of writ and notice that the interest is attached. Such attachment shall not impair the powers of the representative over the property for the purposes of administration. It was further provided that the executor shall report the attachment to the court when the petition of distribution is filed, and in the decree of distribution delivery to such legatee of the attached property shall be ordered to the officer making the levy, subject to the claim of the legatee or any one claiming under him. Nor shall the property be delivered to the officer until the decree distributing the interest has become final. In our opinion section 561 does more than merely fix a particular method for levy of an attachment upon the interest of a decedent in personal property. It provided a remedy where none had theretofore existed, and laid down the

procedure for making the remedy effective by authorizing the court to order delivery of the property to the attaching officer only after decree of distribution has become final. In its phraseology by way of provision for a remedy, section 561 is quite similar to section 542 of the Code of Civil Procedure, wherein long ago the remedy of attachment of real estate was given with procedural steps requisite for making the remedy available. Garnishment, as provided for by section 544, fixes the garnishee's liability at the time of the levy; it is a distinct proceeding not embraced within section 542 (2), which pertains to the attachment of real estate.

Granting that title to personal as well as real property vests in the heir upon the death of the decedent, nevertheless possession of personal property goes to the executor as an officer of the law, and prior to 1923 while in his custody it could not legally be attached. Freeman on Executions, § 131 et seq., deduces from many cases the principle that while personal property is in possession of an executor before decree of distribution, it is in the custody of the law and is not subject to execution against the heirs, and that the amount bequeathed to a legatee cannot be garnished.

No lien having been acquired, the order of the District Court was proper and must be affirmed.

Affirmed.