[No. 34651.   Department One.   October 23, 1958.]

*In the Matter of the Estate of* WINNIFRED FARROW, *Deceased.*
LOUIS F. MILLER, INC. *et al., Appellants,* v. ANNIE E.
KRISTIANSEN, *as Administratrix, Respondent.*[1]

*George N. Apostol,* for appellants.

*Kennett, McCutcheon & Soderland,* for respondent.

MALLERY, J.—Winnifred Farrow died intestate on May
16, 1956, leaving Henry L. Farrow her surviving spouse,
five children, and one grandchild.  The entire estate was

[1]Reported in 330 P. (2d) 1012.

community property so far as can be ascertained from the record before us.

On June 27, 1957, in consideration of the payment of two hundred fifty dollars cash, the surviving spouse gave an option to M. Ross Downs Associates, Inc., or their nominee, to purchase the property here in question for the sum of thirty-five thousand dollars. Subsequently, on July 17, 1957, the surviving spouse was appointed administrator of the estate, and, on August 14, 1957, Sam Rotenberg, as nominee, gave him notice of an election to exercise the option. Under these circumstances, of course, the option and the notice of an election to exercise it are without legal effect, because the surviving spouse had no authority to make such a commitment prior to his appointment as administrator.

The surviving spouse died on August 23, 1957, and Annie E. Kristiansen was appointed administratrix *de bonis non*. She proceeded in accord with probate requirements to the consummation of a sale of the property. Louis F. Miller, Inc., a corporation, Louis F. Miller and Patricia F. Miller, his wife, appeared and objected to the confirmation of the sale to Sam Rotenberg, the successful bidder. They alleged that Rotenberg and M. Ross Downs Associates, Inc., were their agents for the purpose of acquiring the property, and had conspired with the administratrix *de bonis non*, her attorney, the General Petroleum Corporation, and others to violate their agency by procuring the property for themselves.

From an order confirming the sale, the objectors have appealed.

The appellants contend that:

"The Court sitting In Probate erred in ordering: '. . . that the title to said property shall pass from this estate to said grantee free and clear of any claim of interest in the property as such on the part of any person claiming under or by virtue of the so-called option.' "

■ The option was a nullity, and it was not error to so hold.

The appellants contend that the superior court, sitting in

probate, did not have jurisdiction to adjudicate the question of title as between themselves and their agents.

The option being a nullity, appellants had no interest in the property capable of being adjudicated as between themselves and the estate or anyone else. In any event, the assignment of error is not well taken because the order appealed from does not purport to adjudicate any rights as between the appellants and their agents.

There is nothing contradictory in holding that the option is a nullity and leaving undecided any claim arising solely out of the agency as such, because the agency is a private matter with which the estate is in no way concerned.

The appellants further contend that the court should not have passed upon the validity of the option because its invalidation removed it as a cloud on the purchasers' title, and that appellants will be affected by this in future litigation with them over the property.

We do not agree. The court could not have entertained appellants' objections at all without passing on the validity of the option, since it was the sole basis of their right to be in court as objectors.

Appellants' other assignments of error cannot be entertained in view of the fact that the statement of facts has been heretofore ordered stricken from the record.

The order is affirmed.

HILL, C. J., FINLEY, ROSELLINI, and FOSTER, JJ., concur.