## 92

505 P.2d 777

**ESTATE REALTY, INC., a corporation, Plaintiff and Appellant,**

v.

**Walter W. KERSHAW, Individually, and Walter W. Kershaw, Executor of the Estate of Dorothy W. Kershaw, Defendant and Respondent.**

No. 12896.

Supreme Court of Utah.

Jan. 16, 1973.

Gary A. Weston, of Bettilyon & Howard, Salt Lake City, for plaintiff-appellant.

Harley W. Gustin, Salt Lake City, for defendant-respondent.

CALLISTER, Chief Justice:

Plaintiff initiated this action to recover a real estate commission for services rendered to defendant, individually, and as executor of the Estate of Dorothy W. Kershaw by procuring a purchaser for real property. The matter was tried before the court. Plaintiff, by motion, dismissed its claims against defendant, as executor. The trial court rendered a judgment of no cause of action in favor of defendant, individually. Plaintiff appeals therefrom.

Dorothy W. Kershaw, the wife of defendant, died on June 4, 1967. At the time of her death, she was the sole owner of certain residential property located on Walker Lane in Salt Lake County. On July 3, 1967, an agent of plaintiff presented defendant with a document entitled "Earnest Money Receipt and Offer to Purchase," wherein Willis L. Wright and his wife, Afton W. Wright offered to purchase the realty on Walker Lane for $90,000, with a $600.00 down payment, and the balance by monthly payments of $600.00 with interest at 6½% per annum for 26 years.

The designated space for the seller to afix his signature on the document was left blank. Defendant at the bottom of the offer stated:

I will accept 93,000 payable at 618.40 per month at 6½ interest for 26 years.

Walter W. Kershaw

Plaintiff's agent immediately returned the document to Mr. Wright who signed under defendant's name. This alleged counter offer was never presented to Mrs. Wright. The Wrights, thereafter, moved into the home, but there was no deed or final contract furnished by July 15, 1967, as provided in the earnest money receipt. Letters testamentary were issued to defendant on August 23, 1967. The Wrights and defendant, as executor, finally executed a real estate contract on December 6, 1968, which was confirmed by the court on December 31, 1968.

Plaintiff predicates its claim for a commission on a provision in the earnest money agreement, which it claims defendant incorporated in his counter proposal endorsed on the agreement. The relevant portion states:

The seller agrees in consideration of the efforts of the agent in procuring a purchaser, to pay said agent a commission equal to the minimum recommended by the Salt Lake Board of Relators . . . .

Plaintiff's claim is contingent on the validity of the earnest money agreement, i. e., may defendant, prior to qualifying as the executor, enter into a binding contract to sell the real property of the estate?

Section 74–3–19, U.C.A.1953, provides:

No person has any power as an executor until he qualifies, except that before letters have been issued he may pay funeral charges and take necessary measures for the preservation of the estate.

In 2 Bancroft's Probate Practice (2d Ed.), § 335, pp. 282–283, the author cites § 74–3–19, U.C.A.1953, and explains that such statutory provisions are found in several western states and that in view of these code provisions, there would be scant application of the doctrine that the appointment and qualification of an administrator relate back to the time of death, validating all acts before appointment, which are beneficial to the estate and which would come within the scope of an administrator's rightful authority.

In Lamkin v. Vierra,[1] the plaintiffs executed a deposit receipt agreement to purchase property from decedent's daughter on April 11, 1959. Eleven days later, the daughter was appointed administratrix of her father's estate. Thereafter, plaintiffs sought return of the money they had deposited. The trial court held that the re-

1. 198 Cal.App.2d 123, 17 Cal.Rptr. 805, 2 A.L.R.3d 1099 (1961).

ceipt agreement for the sale and purchase of the realty was void on the ground that defendant was not qualified or entitled to act as an administrator at the time of the receipt of the money. On appeal, the daughter urged that the subsequent grant of letters of administration related back to validate those acts of a person in behalf of the estate, which would have been proper had he been a qualified administrator when the acts were committed.

The appellate court affirmed the judgment and stated that in view of the specific and comprehensive code provisions regulating the settlement of estates that the doctrine of relation back had an extremely limited application and was not appropriate under the circumstances of the case.[2]

In the instant action, defendant had no authority to enter into a contract to sell the decedent's real estate, since he had not been qualified as an executor and issued letters testamentary. The contract did not fall within one of the specified exceptions of § 74–3–19, U.C.A.1953, and was, therefore, a nullity. Since plaintiff's claim is premised solely on a clause in an invalid contract, the judgment of the trial court is affirmed. Costs are awarded to defendant.

HENRIOD, ELLETT, CROCKETT and TUCKETT, JJ., concur.

2. See In Re Farrow's Estate, 53 Wash. 2d 84, 330 P.2d 1012 (1958); 2 A.L.R. 3d 1105, Anno: Relation Back of Letters Testamentary or of Administration as Validating Prior Sales of Decedent's Property, § 3 [a], p. 1111, wherein it is stated: "Opposed to the rule permitting invocation of the doctrine of relation back to validate sales or conveyances of the decedent's property made prior to the vendor's appointment are the decisions which hold that a sale or conveyance by a person who is not, at the time, an executor or administrator, is a nullity, such person having no authority in fact or in law to have made the sale, and even though he purported to make it, being entitled to revoke it following the issuance of letters testamentary or of administration to him."