[No. 16639.   Department Two.   December 16, 1921.]

CHARLES J. MACHEK, *Appellant*, v. THE CITY OF
SEATTLE, *Respondent*.[1]

DEATH (5, 35)—INJURIES CAUSING DEATH—RIGHT OF ACTION—
MEASURE OF RECOVERY—STATUTES—CONSTRUCTION.  Where a minor
child received personal injuries from which she later died, leaving
parents dependent upon her for support, a right of action survives
to her personal representative, under Rem. Code, § 194, to prose-
cute an action in behalf of such parents, the measure of recovery
being the amount which the minor would have recovered for the
injury had she lived, to be computed from the time of injury to
the date of death.

SAME (14)—RIGHT OF ACTION—CONCURRENT ACTIONS—FOR WHOSE
BENEFIT.  An action by an administrator for the wrongful death
of a minor may be prosecuted for the benefit of the parent or
parents, under Rem. Code, § 194, independently of, and concur-
rently with, actions for support, under Id., § 183, as amended by
Laws 1917, ch. 123, and for loss of services under Id., § 184.

Appeal from a judgment of the superior court for
King county, Ronald, J., entered April 29, 1921, upon
sustaining an objection to any evidence, dismissing an
action for personal injuries sustained by a minor, since
deceased.   Reversed.

*H. A. P. Myers,* for appellant.

*Walter F. Meier* and *Frank S. Griffith,* for respond-
ent.

MACKINTOSH, J.—The complaint in this case states
that it was begun by the plaintiff, as administrator of
the estate of Sophia Machek, who, at the time of her
death, was a minor; that she was injured by the neg-
ligence of the respondent, on the 5th of January, 1920,
and that, by reason of those injuries, she died on the
29th of the same month; that, from the time of her in-
jury until her death, she had endured great mental and

[1]Reported in 203 Pac. 25.

physical pain and suffering, and places the compensation for her injuries at $35,000. It further alleges that the deceased had no husband or child, and the action is prosecuted in favor of the father and mother of the deceased, residents of the United States, who at the time of her death, were dependent upon her for support. Such proceedings were had upon this complaint as to result virtually in sustaining a demurrer to the complaint, which places before us only the question as to whether the complaint states a cause of action.

Counsel for respondent have argued as to the effect of §§ 183, 184 and 194 of Rem. Code (1915); § 183 having been repealed by chapter 123, p. 495, Laws of 1917. A brief review of these sections and of the decisions interpreting them will be sufficient to answer the question presented in this case.

The sections repealing § 183, now read:

"When the death of a person is caused by the wrongful act, neglect or default of another his personal representative may maintain an action for damages against the person causing the death; and although the death shall have been caused under such circumstances as amount, in law, to a felony. (Sec. 1, ch. 123, p. 495, Laws of 1917.)

"Every such action shall be for the benefit of the wife, husband, child or children of the person whose death shall have been so caused. If there be no wife or husband or child or children, such action may be maintained for the benefit of the parents, sisters or minor brothers, who may be dependent upon the deceased person for support, and who are resident within the United States at the time of his death. In every such action the jury may give such damages as, under all circumstances of the case, may. to them seem just." (Sec. 2, ch. 123, p. 495, Laws of 1917.)

Section 184, Rem. Code, reads as follows:

"A father or in case of the death or desertion of his family the mother, may maintain an action as plaintiff

for the injury or death of a child, and a guardian for the injury or death of his ward.''

Section 194, Rem. Code, is:

''No action for a personal injury to any person occasioning his death shall abate, nor shall such right of action determine, by reason of such death, if he have a wife or child living, or leaving no wife or issue, if he have dependent upon him for support and resident within the United States at the time of his death, parents, sisters or minor brothers; but such action may be prosecuted, or commenced and prosecuted, in favor of such wife or in favor of the wife and children, or if no wife, in favor of such child or children, or if no wife or child or children, then in favor of his parents, sisters or minor brothers who may be dependent upon him for support, and resident in the United States at the time of his death.'' For convenience the act repealing § 183 will hereafter be referred to as § 183.

I. Section 183 creates a cause of action where no common law right existed. The action, under this section, is maintained by the personal representative of the deceased for the benefit of the wife, husband, child or children, and if no such relatives exist, then for the benefit of parents, sisters or minor brothers, residents of the United States and dependent upon the deceased for support. We notice that this section does not refer to the death of a minor, but gives a right of action to the persons named for the damages occasioned by death. So far as the question before us is concerned relating to parents, it gives a right of action to dependent parents, and measures their recovery by the amount of support of which the wrongful death deprives them, such amount not being limited by the support which would have been furnished to such parents, in the case of a minor's death, to the period of minority.

*Kanton v. Kelly,* 65 Wash. 614, 118 Pac. 890, pre-

sents a thorough discussion of the effect of this section, saying:

"Under § 183, if dependency is the basis of recovery, the measure of damage is greater, very much greater, than it would be under § 184. Under § 183, it is not limited, nor is the allowance to be measured by an arbitrary time limit. Under § 184, the recovery for services does not extend beyond the time when the child becomes of age. . . . Under § 183, the question of dependency is the paramount issue. Under § 184, aside from the issue of contributory negligence, the emancipation of the child would be about the only defense that could be set up."

In *Mesher v. Osborne*, 75 Wash. 439, 134 Pac. 1092, 48 L. R. A. (N. S.) 917, the court draws the distinction between §§ 183, 184 and 194, and, among other things, at page 445, uses this language:

" . . . a dependent parent, suing for wrongful death of a minor child, has a choice of actions between that conferred by § 183 as amended and § 184, but that the proof required would be different and that the measure of recovery would not be the same. One would rest in loss of support, the other in loss of service."

*Brodie v. Washington Water Power Co.*, 92 Wash. 574, 159 Pac. 791, contains a discussion of the actions maintainable under §§ 183 and 184:

"The statutes were enacted to overcome defects thought to exist in the common law. By the common law no person had the right to recover for the death of another, no matter how wrongfully or negligently caused, and the right of action possessed by a person injured did not survive his own life. The first section of the statute cited is plainly a survival statute. [sec. 194.] Its purpose is to preserve in the beneficiaries named therein such right of action as the injured person himself had because of the wrongful or negligent act causing the injury, and is confined to such personal

loss as the injured person sustained. The second [sec. 183], although originating in the same wrongful act or neglect, begins where the other ends and is confined to such loss and damage as the beneficiaries named have suffered by the death of the person injured. *Swanson v. Pacific Shipping Co.*, 60 Wash. 87, 110 Pac. 795; *Thompson v. Seattle, Renton & S. R. Co.*, 71 Wash. 436, 128 Pac. 1070.''

In the case of *Whittlesey v. Seattle,* 94 Wash. 645, 163 Pac. 193, L. R. A. 1917D 1084, the effect of § 183 was considered, the court saying:

''Section 183 creates the right of action and defines those entitled to its benefits. . . . Section 194 falls within that class of statutes to which the rules of liberal construction and transposition of terms apply, for no right of action is created by it. It merely recognizes a right of action that existed in a living person whether at common law or in virtue of some statute at the time of the death of the party. The right was in the 'person' at the time of death. Such a right is one in kind with a chose in action.''

II.    Section 184 gives a cause of action to the father or, on certain contingencies, to the mother, for the injury or death of the child, and this right of action covers only the services of the child during minority, and is maintainable by the parent without regard to the question of the parent's dependence upon the minor for support. The section is an extension of the right which existed in favor of the parent against a tort feasor for injury to the minor who survives such injury, the parent being entitled to damages for loss of services of such minor. Under § 183, such a right of action is extended to include the situation where the minor dies as the result of wrongful injury. For an interpretation of this section see the cases of *Kanton v. Kelly* and *Mesher v. Osborne, supra.* In the latter case, it was held that this section was not repealed by

the enactment of §§ 183 and 194 by the legislature of 1909.

III. Section 194, unlike § 183, is merely a survival statute, providing for the survival of causes of action which a minor might have had had he lived, to be prosecuted by his personal representative if he die leaving a wife or child, or if no wife or child, then parents, sisters or minor brothers, residents of the United States and dependent upon him for support, the action to be prosecuted in behalf of the persons so named. The measure of recovery would be the amount which the minor would have recovered for the injury had he lived, to be computed from the time of the injury to the date of death.

*Thompson v. Seattle, Renton & Southern R. Co.,* 71 Wash. 436, 128 Pac. 1070, was a case involving this section, and at page 443, the court remarked concerning the question:

"As we have said, the jury were limited in their award to compensation for the pain and suffering the injured person was compelled to undergo because of the accident, between the time of the accident and the time of her death. The jury could award nothing for her death, nothing for the losses caused the respondents by reason of her death, and nothing by way of punishment of the appellant because of its negligence. *Swanson v. Pacific Shipping Co.,* 60 Wash. 87, 110 Pac. 795; *Holland v. Bridenstine,* 55 Wash. 470, 104 Pac. 626."

The cases of *Mesher v. Osborne* and *Brodie v. Washington Water Power Co., supra,* show the distinctions between the actions maintainable under §§ 183 and 194.

Taking the exact situation which is presented by the complaint in this case, involving the death of a minor leaving no husband or child or children, but only dependent parents, we have this result, that the administrator could maintain an action for the benefit of the

parents to recover the amount that would have been contributed by the deceased to their support, this amount not being limited to what would have been furnished during decedent's minority only. Or, in the alternative, the parents themselves, whether dependent or not, could maintain an action in their own name for the loss of services of the minor, from the time the loss was occasioned until such time as the minor would have arrived at majority. And in addition to either one of the foregoing actions under either §§ 183 or 184, the administrator could maintain an action under § 194 in favor of the dependent parents for the damages suffered by the deceased from the time of the injury until death. This action is entirely independent of actions under either § 183 or § 184, and could be concurrently maintained with actions under either one of those sections. A complaint stating a cause of action under this section should not have been dismissed, as the cause of action stated could not have been affected by the fact, if it were one, that an action had already been begun under either § 183 or § 184.

The judgment of the lower court is therefore reversed, with orders to proceed with the trial of the case.

PARKER, C. J., MAIN, HOLCOMB, and HOVEY, JJ., concur.