[No. 19460. Department One. December 28, 1925.]

W. M. BROUGHTON *et al.*, *Appellants*, v. OREGON-WASH-INGTON RAILROAD AND NAVIGATION COMPANY, *Respondent.*[1]

[1] DEATH (13)—ACTIONS FOR WRONGFUL DEATH—PERSONS ENTITLED TO SUE—STATUTES. An action for damages for wrongful death, under Rem. Comp. Stat., § 183, must be brought by the personal representative of the deceased.

[2] DEATH (6)—ACTIONS FOR WRONGFUL DEATH—GROUNDS OF ACTION —FUNERAL EXPENSES OF SON. Rem. Comp. Stat., § 184, providing that a father or mother may maintain an action for the injury or death of a child, does not authorize a suit to recover funeral and other expense incurred by parents in the burial of an adult son, whose death resulted from the wrongful act of the defendant.

Appeal from a judgment of the superior court for Benton county, Truax, J., entered February 18, 1925, dismissing an action for wrongful death, upon sustaining a demurrer to the complaint. Affirmed.

*Chas. W. Johnson* and *Phil G. Warnock,* for appellants.

*A. C. Spencer, McGregor & Fristoe,* and *Hamblen & Gilbert,* for respondent.

ASKREN, J.—Appellants brought this action to recover for funeral and other expenses incurred in the burial of their adult son, whose death was alleged to have resulted from the wrongful act of respondent corporation. A demurrer was filed setting up several grounds, chief among which were that appellants had no capacity to sue, and that the action was brought under the Federal Employers' Liability Act, which did not permit a recovery. The trial court sustained the demurrer.

[1]Reported in 241 Pac. 963.

Appellant contends that, while the facts stated in the complaint were sufficient to bring it under the Federal Employers' Liability Act, it states a cause of action under state laws, as well, and therefore the court erred.

[1]   If it be assumed that the action was brought under state statutes, we are of the opinion that the court's decision was right upon the ground of the incapacity of appellants to bring the action.  Section 183, Rem. Comp. Stat., provides that all actions for damages against a person causing the death of another shall be brought by the personal representative of the deceased.  We have had occasion to construe this statute on many occasions to this effect. *Machek v. Seattle,* 118 Wash. 42, 203 Pac. 25; *Howe v. Whitman County,* 120 Wash. 247, 206 Pac. 968; *Castner v. Tacoma Gas & Fuel Co.,* 123 Wash. 236, 212 Pac. 283.

[2]   Appellants contend, however, that this action may be brought under § 184, Rem. Comp. Stat., which is:

"A father, or in case of the death or desertion of his family, the mother may maintain an action as plaintiff for the injury or death of a child, and a guardian for the injury or death of his ward."

This section has frequently been construed to mean that recovery thereunder may be had only for the injury or death of a minor child.  *Machek v. Seattle, supra.*  The son in this case was an adult, and an action for damages must be brought by the personal representative.

The judgment of the trial court is right, and is hereby affirmed.

TOLMAN, C. J., HOLCOMB, MACKINTOSH, and FULLERTON, JJ., concur.