[No. 33233.   Department Two.   August 25, 1955.]

*In the Matter of the Estate of* LEONARD A. PERRIGO, *Deceased.*

MARGARET S. PERRIGO, *as Guardian, Appellant,* v. JOYCE J. PERRIGO, *as Administratrix, Respondent.*[1]

*Arthur E. Carr, Wayne R. Parker,* and *Bryce Little,* for appellant.

*E. P. Whiting* and *George H. Bovingdon,* for respondent.

FINLEY, J.—In this case, appellant, Margaret S. Perrigo, the divorced wife of the deceased Leonard A. Perrigo, questions and seeks to modify an order of the probate court. The order approved allowances for attorneys' fees, costs, and expenses incurred in the prosecution of a wrongful death action by Joyce J. Perrigo (decedent's surviving second wife), as the administratrix of the estate of Leonard A. Per-

[1]Reported in 287 P. (2d) 137.

rigo, deceased, and apportioned the attorneys' fees and costs among the several beneficiaries or claimants entitled to the damages recovered in the wrongful death action. More specifically, appellant is objecting to that part of the court order which charged a portion of the attorneys' fees, costs, and expenses against the wrongful death damages awarded to her two minor sons, born during her marriage to the decedent.

The significant facts are as follows: Leonard A. Perrigo was killed in an accident on March 18, 1954, which involved negligence and liability on the part of the city of Seattle, Washington. He left surviving him three sons—Duane and Alfred, ages nineteen and sixteen, respectively, born of the marriage of decedent and Margaret S. Perrigo; and Mark Perrigo, age one year, born of decedent's second marriage.

His second wife, Joyce J. Perrigo, was duly appointed administratrix of the estate. She employed Mr. E. P. Whiting and Mr. Geo. H. Bovingdon as her attorneys, who petitioned the probate court, and secured an order of authorization to file wrongful death claims against the city of Seattle and, if necessary, to litigate the same. A lawsuit was instituted by her attorneys, embracing the claims of the estate, a claim of the administratrix in her individual capacity, and the claims of the three surviving sons, hereinbefore mentioned. The administratrix recovered damages in a very substantial sum, which the jury apportioned in specific amounts to the several claims asserted by the administratrix.

Thereupon, the administratrix filed her report in the probate proceedings and petitioned for allowances to cover her attorneys' fees, costs, and expenses, incurred by her in the wrongful death action. The probate court allowed $19,-112.01 for attorneys' fees and $342.73 for costs and expenses incurred. As indicated hereinbefore, the allowances for attorneys' fees, costs, and expenses, were apportioned against the several claims or claimants, represented by the administratrix in the wrongful death action.

Margaret S. Perrigo, the divorced first wife of decedent and the mother of Duane and Alfred Perrigo, employed Mr.

Arthur E. Carr and Mr. Wayne R. Parker as attorneys to represent her minor sons. She made unsuccessful attempts to be appointed coadministratrix of the estate of her former husband. Subsequently, she objected to the probate court's allowance and apportionment of the above-mentioned attorneys' fees, costs, and expenses against the damages awarded to Duane and Alfred Perrigo. She contends that Messrs. Carr and Parker were employed to represent her two minor sons, that no contract to represent the minors was entered into with Messrs. Whiting and Bovington, that no attorney-client relationship existed between her sons and the attorneys employed by the administratrix, Joyce J. Perrigo, and consequently, that no fees for the legal services of the attorneys of the administratrix should be charged against her minor sons, Duane and Alfred Perrigo.

We do not agree with the contention of appellant, Margaret S. Perrigo. Laws of 1917, chapter 123, § 1, p. 495 (Rem. Rev. Stat., § 183 [*cf.* RCW 4.20.010]), provides as follows:

"When the death of a person is caused by the wrongful act, neglect or default of another *his personal representative may maintain an action for damages* against the person causing the death; and although the death shall have been caused under such circumstances as amount, in law, to a felony." (Italics ours.)

And Laws of 1917, chapter 123, § 2, p. 495 (Rem. Rev. Stat., § 183-1 [*cf.* RCW 4.20.020]) provides, in part:

"Every such action shall be for the benefit of the wife, husband, *child or children* of the person whose death shall have been so caused. . . ." (Italics ours.)

The above statutes have been construed by this court in several cases. In *Hansen v. Stimson Mill Co.*, 195 Wash. 621, 623, 81 P. (2d) 855, the court said:

"Under these statutes, it has been held that there is but a single right of action, even though there be a number of beneficiaries, and that the personal representative, that is, the *executor or administrator, is the only one by whom the action can be maintained. Broughton v. Oregon-Wash. R. & Nav. Co.*, 137 Wash. 135, 241 Pac. 963; *Dodson v. Contin-*

*ental Can Co.,* 159 Wash. 589, 294 Pac. 265. *From those holdings, it necessarily follows that the beneficiaries entitled to share in the judgment are not parties to the action."* (Italics ours.)

See *Reutenik v. Gibson Packing Co.,* 132 Wash. 108, 231 Pac. 773, 37 A. L. R. 830; *Murray v. Joe Gerrick & Co.,* 172 Wash. 365, 20 P. (2d) 591; *Benton v. Associated Indemnity Corp.,* 195 Wash. 446, 81 P. (2d) 507.

█ It has been held by courts passing on the question that the damages recovered in a wrongful death action are chargeable with the necessary costs and expenses, and with reasonable attorney's fees incurred by the executor or administrator in prosecuting the wrongful death action. Thus, in *Yelton v. Evansville and Indianapolis R. Co.,* 134 Ind. 414, 418, 33 N. E. 629, the court said:

"The fund is evidently chargeable with the necessary expense incurred by the administrator in payment for his services *and attorney's fees* and expenses of administration." (Italics ours.)

Similarly, in *Hurley v. Hurley,* 191 Okla. 194, 196, 127 P. (2d) 147, it is said:

*"The attorney's fee was a proper allowance.* While the attorney's services were contracted for by plaintiff, they were beneficial to both plaintiff and Hurley, since they resulted in an increase in the amount recovered. The fee included expenses in the sum of $85 incurred by the attorney in negotiating the settlement with the insurance company. We consider the fee a part of the necessary expenses of collection which should be paid out of the fund." (Italics ours.)

In *Thompson & Lively v. Mann,* 65 W. Va. 648, 654, 64 S.E. 920, the court said:

"We are of opinion, however, that an administrator in a case like this, as in other cases of administration, has the right to be reimbursed and credited in his accounts as such, with commissions, and with all other reasonable costs and expenses of administration. *These would of course include reasonable attorneys' fees incurred in the prosecution of the suit. . . .*" (Italics ours.)

In *Matter of Peterson,* 257 App. Div. 449, 13 N. Y. S. (2d) 965, the court held that, while the amount of a fee con-

tracted for between the personal representative and the attorney in a wrongful death action was not binding on the beneficiaries, their respective shares were chargeable with the proportional share of a reasonable attorney's fee as determined by the surrogate court. The principle approved in the above cases, decided under statutes similar to our own, is, of course, a logical extension of the statutory principle or rule that, in wrongful death cases, the action may be brought and maintained solely by the personal representative of the deceased.

We are convinced that appellant's contentions are not meritorious, and that the action of the probate court was proper and should not be disturbed. It is so ordered.

HAMLEY, C. J., MALLERY, HILL, and ROSELLINI, JJ., concur.