[No. 10817–4–I.   Division One.   January 11, 1984.]

ALLA deNOSKOFF, *as Personal Representative, Respondent,* v. BEVERLY SCOTT, ET AL, *Respondents,* JUNE A. KAISER, *Appellant.*

*Wolfstone, Panchot, Bloch & Kelley, John P. Evans,* and *June A. Kaiser,* for appellant.

*Edwin G. Woodward* and *Stanton Cole,* for respondent deNoskoff.

*Beverly Scott,* pro se.

SCHOLFIELD, J.—June Kaiser, guardian ad litem for the residuary beneficiaries of the estate of Sergey Politoff, appeals a decision granting a creditor's claim and judgment to Alla deNoskoff, as personal representative of the estate of Vera Politoff. Kaiser also appeals the decision releasing all of the funds in question to respondent, Beverly Scott. We affirm in part and reverse in part.

Sergey and Vera Politoff were married in 1949. In 1975, Sergey opened a savings account with Group Health Credit Union, in which he deposited a sum of money that was community property. In 1979, he opened another savings account with community funds at Rainier National Bank. Both accounts were in his name only.

Vera died in 1980. On the date of her death, the Group Health account held a balance of $26,235.86, and the Rainier account held $6,295.47, totaling $32,531.33. Her will divided her estate equally between her son and daughter.

In July 1980, approximately 3 months after his wife's death and prior to any distribution of Vera's estate, Sergey hired respondent Beverly Scott as housekeeper. Subsequently, he changed the status of the two accounts to joint accounts in his name and Ms. Scott's, with right of survivorship.

Sergey died in February 1981. At that time, there was a balance of $2,518.31 in the Rainier account and $22,434.20 in the Group Health account. Shortly after his death, Ms. Scott withdrew all of the funds from the Rainier account. Thus, at the time of trial, there was a balance of $0 in the Rainier account and $22,434.20 in the Group Health account.

The wills of both Politoffs appointed respondent deNoskoff, Vera's daughter, as personal representative. She brought this action seeking a judgment declaring the funds in the two accounts to be the property of the estates of Sergey and Vera. Ms. deNoskoff also sought to recover from Ms. Scott and her husband the sum of $6,528.76 she alleged they had removed from the Rainier account.

The trial judge concluded that Sergey's conversion of the two accounts established Ms. Scott's joint ownership with the right of survivorship. The judge vacated a temporary restraining order preventing Group Health Credit Union from disbursing funds in the Politoff account and authorized Ms. Scott to withdraw those funds.

Because Sergey had improperly transferred Vera's interest in the funds, the trial judge also granted judgment upon a claim by Vera's estate in the amount of $16,265.66, plus interest, against Sergey's estate. This represented one-half of the total amount in the two accounts at the time of Vera's death.

A guardian ad litem was appointed to represent the residuary beneficiaries of Sergey's estate because of their conflict of interest with deNoskoff, who was personal representative of both estates and a legatee under her mother's will. Kaiser has since replaced the original guardian ad litem.

Kaiser contends the trial judge erred in holding the joint bank account agreements validly transferred Vera's one-half of the funds. We agree.

■ As stated by both parties, the character of the funds deposited in both accounts was community property. At death, the community is dissolved and the former commu-

nity property becomes the separate property of the decedent's estate and of the surviving spouse. *Edmonds v. Ashe,* 13 Wn. App. 690, 537 P.2d 812 (1975). The decedent's one-half interest is subject to testamentary disposition. RCW 26.16.030. Moreover, Washington follows the item theory of community property. *In re Estate of Patton,* 6 Wn. App. 464, 494 P.2d 238 (1972). Thus, Vera owned one-half of the funds in each bank account at the moment of her death.

Upon the creation of a joint tenancy, each tenant takes a complete, undivided interest in the whole. No new title vests in the survivor at the moment of death. *In re Estate of Peterson,* 182 Wash. 29, 36, 45 P.2d 45 (1935). When Sergey changed the accounts to joint accounts with the right of survivorship, he attempted an *inter vivos* transfer of Vera's one-half interest.

Several Washington cases have considered the effect of a spouse's attempted transfer of the other spouse's one-half interest in community property. In *Mabie v. Whittaker,* 10 Wash. 656, 39 P. 172 (1895), a husband's deed of former community real property after his wife's death was ruled ineffective to transfer the wife's one-half interest. The court stated, "If Andrew Mabie could not convey this land during the lifetime of his wife, he could convey nothing more than his interest therein after her death. Upon her death her interest in these lands vested in her heirs . . .". *Mabie v. Whittaker, supra* at 664. In *In re Estate of Farrow,* 53 Wn.2d 84, 330 P.2d 1012 (1958), the court ruled an option on former community real property granted by the surviving spouse was void.

In *Munson v. Haye,* 29 Wn.2d 733, 189 P.2d 464 (1948), the court ruled that a wife's transfer of community funds to a joint account with a third party did not divest the surviving husband of his interest. The third party in that case was held to have acquired *no* interest in the account, and judgment was rendered against her for the full amount in the account. *Munson v. Haye, supra* at 744.

We hold that Sergey had no authority to transfer Vera's one-half interest in the bank funds to a third person and

that Ms. Scott has no right to retain Vera's share. The trial judge should have directed that $16,265.66 of the funds remaining in the bank accounts at the time of trial be delivered directly to deNoskoff as the personal representative of Vera's estate. Because the court failed to so order and deNoskoff filed no supersedeas bond, Scott withdrew the funds. Vera's estate is therefore entitled to judgment against Scott and her husband in the amount of $16,265.66. The judgment rendered in favor of Vera's estate on the creditor's claim against Sergey's estate is affirmed.

We remand to the trial court for entry of judgment against Beverly Scott and her husband, in accordance with this opinion.

DURHAM, C.J., and WILLIAMS, J., concur.