[No. 49771-1.   En Banc.   February 16, 1984.]

VELMA JANE WALTON, *as Personal Representative,
Petitioner,* v. ABSHER CONSTRUCTION
COMPANY, INC., *Respondent.*

DIMMICK, J., concurs in the result only; ROSELLINI and STAFFORD, JJ., did not participate in the disposition of this case.

*Dolack, Hansler, Hulscher, Burrows, Dayhoff & Barline,* by *Gerald L. Hulscher* (*Howard Pruzan,* of counsel), for petitioner.

*Burgess, Kennedy & Fitzer, P.S.,* by *F. Ross Burgess,* for respondent.

*Bryan P. Harnetiaux* and *Robert H. Whaley* on behalf of Washington Trial Lawyers Association, amici curiae for petitioner.

*Bryan G. Evenson* on behalf of Washington Association of Defense Counsel, amicus curiae for respondent.

DORE, J.—Plaintiff in a wrongful death/survival action appeals the trial court's partial summary judgment dismissing her claim for damages for decedent's pain and suffering between the time of injury and the time of death. The issue is: Are the decedent's pain and suffering recoverable elements of damages under the special survival statute, RCW 4.20.060.

Charles H. Walton died from injuries received in a fall at a construction site where he was employed. Petitioner, Velma Jane Walton, brought this action on behalf of herself, the estate, and the Walton children, seeking damages from respondent Absher Construction Company under the wrongful death statutes, RCW 4.20.010 and RCW 4.20.020, and survival statutes, RCW 4.20.046 and RCW 4.20.060. The complaint alleged:

> As a proximate result of the above described wrongful acts of the defendants, decedent suffered several multiple injuries, which caused his death on October 17, 1980. From the time of decedent's injury at 10:15 a.m. on October 17, 1980, until his death at 12:35 p.m. on the same day, decedent suffered great physical and mental pain, disability, shock, and agony, all to his damage in an amount to be proven at the time of trial. In addition thereto, decedent's death resulted in damages for shortened life expectancy and impaired earning capacity.

Clerk's Papers, at 3.

Respondent, Absher Construction Company, moved for partial summary judgment, contending that the complaint basically claimed damages for decedent's pain and suffering. Respondent argued that RCW 4.20.046 precludes such

a recovery in all survival actions. The trial court granted the motion and dismissed all damage claims for decedent's pain and suffering. We hold that the decedent's pain and suffering are recoverable elements of damage under the special survival statute, RCW 4.20.060, and reverse the trial court.

RCW 4.20.060 provides:

> No action for a personal injury to any person occasioning death shall abate, nor shall such right of action determine, by reason of such death, if such person has a surviving spouse or child living, or leaving no surviving spouse or issue, if there is dependent upon the deceased for support and resident within the United States at the time of decedent's death, parents, sisters or brothers; but such action may be prosecuted, or commenced and prosecuted, by the executor or administrator of the deceased, in favor of such surviving spouse, or in favor of the surviving spouse and children, or if no surviving spouse, in favor of such child or children, or if no surviving spouse or child or children, then in favor of the decedent's parents, sisters or brothers who may be dependent upon such person for support, and resident in the United States at the time of decedent's death.

This special survival or "death by personal injury" statute was originally enacted in 1854, and enacted in its present form in 1927. Laws of 1927, ch. 156, § 1, p. 143. It gives a cause of action only to certain beneficiaries who were dependent upon the deceased. *See generally* Martin, *Measuring Damages in Survival Actions for Tortious Death,* 47 Wash. L. Rev. 609 (1972). The Legislature amended the statute in 1973, changing prior references to a surviving "wife" to refer to a surviving "spouse". Laws of 1973, 1st Ex. Sess., ch. 154, § 3, p. 1124. The substance of the statute has remained essentially the same since its original enactment. Our court has consistently held that, where qualifying statutory beneficiaries exist, damages may be recovered under RCW 4.20.060 for the pain and suffering of the decedent. *Orcutt v. Spokane Cy.,* 58 Wn.2d 846, 364 P.2d 1102 (1961); *Machek v. Seattle,* 118 Wash. 42, 203 P. 25 (1921); *Thompson v. Seattle, R. & S. Ry.,* 71 Wash. 436, 128 P.

1070 (1912). ·

The Legislature, in 1961, enacted the general survival statute, RCW 4.20.046.

> All causes of action by a person or persons against another person or persons shall survive to the personal representatives of the former and against the personal representatives of the latter, whether such actions arise on contract or otherwise, and whether or not such actions would have survived at the common law or prior to the date of enactment of this section: *Provided, however, That no personal representative shall be entitled to recover damages for pain and suffering, anxiety, emotional distress, or humiliation personal to and suffered by a deceased.*

(Italics ours.) Respondent cites our decisions in *Wooldridge v. Woolett,* 96 Wn.2d 659, 638 P.2d 566 (1981) and *Warner v. McCaughan,* 77 Wn.2d 178, 460 P.2d 272 (1969) for the proposition that this general survival statute now precludes damages for a decedent's pain and suffering in all survival actions. We disagree.

Neither *Wooldridge* nor *Warner* involved survival actions brought by the statutory beneficiaries designated in the special statute, RCW 4.20.060. In *Wooldridge,* the decedent was a 22–year–old unmarried man who died intestate in an automobile accident, leaving no dependents. The father of the decedent brought a survival action for the benefit of the estate under RCW 4.20.046. We held that damages for shortened life expectancy were essentially components of pain and suffering and, thus, explicitly precluded by the general survival statute.

Similarly, *Warner v. McCaughan, supra,* involved an action for damages arising out of the death of a 21–year–old woman who died intestate, leaving no dependents. Again, no statutory beneficiaries existed warranting an action under the special statute. The decedent's father brought the action under RCW 4.20.046 for the benefit of the estate. Because the injuries which gave rise to the suit caused the death of decedent, the court was concerned with the effect of RCW 4.20.060 on the general survival statute:

When projected against this backdrop, we believe it apparent that RCW 4.20.060 does not impair the efficacy of RCW 4.20.046; for we are convinced that the "legislature was intent in preserving causes of action, rather than pleas of abatement" when it adopted RCW 4.20.046 in 1961.

*Warner,* at 184.

The present case presents the flip side of the issue before the *Warner* court. Does RCW 4.20.046 impair the efficacy of RCW 4.20.060 relative to recovery of damages for a decedent's pain and suffering?

■■ Respondent contends that RCW 4.20.046 repeals by implication any award for pain and suffering of the decedent formerly available under the special statute. *Jenkins v. State,* 85 Wn.2d 883, 540 P.2d 1363 (1975). This argument is not persuasive. The principles of repeal by implication were set forth in *U.S. Oil & Ref. Co. v. Department of Ecology,* 96 Wn.2d 85, 88, 633 P.2d 1329 (1981):

> Implied repeals are disfavored. *Jenkins v. State,* 85 Wn.2d 883, 540 P.2d 1363 (1975). Ordinarily, a general statute does not repeal an earlier special statute by implication. *Herrett Trucking Co. v. State Pub. Serv. Comm'n,* 58 Wn.2d 542, 364 P.2d 505 (1961). However, an implied repeal will be found where:
> (1) the later act covers the entire subject matter of the earlier legislation, is complete in itself, and is evidently intended to supersede prior legislation on the subject; or (2) the two acts are so clearly inconsistent with, and repugnant to, each other that they cannot be reconciled and both given effect by a fair and reasonable construction.
>
> *In re Chi–Dooh Li,* 79 Wn.2d 561, 563, 488 P.2d 259 (1971).

These two statutes, RCW 4.20.046 and RCW 4.20.060, can be harmonized. The special statute, RCW 4.20.060, gives a cause of action to certain designated beneficiaries; *i.e.,* the dependents of the decedent, for personal injuries suffered by the deceased which cause his death. Where the personal injuries cause death, it is reasonable that the Legislature would provide the dependents of the decedent pain

and suffering damages otherwise unavailable in actions brought for the benefit of the estate and its creditors. Martin, 47 Wash. L. Rev. at 616–17.

Our research into the legislative history of survival statutes confirms that the Legislature did not intend to preclude recovery for the decedent's pain and suffering under the death–by–personal–injury statute, RCW 4.20.060. In 1953, the Legislature enacted RCW 4.20.045 which provided that no cause of action in tort would abate upon the death of the tortfeasor. Laws of 1953, ch. 73, § 1, p. 111:

> No claim for damages for bodily injuries, property damage, or wrongful death shall abate by reason of the death of the tort feasor or of any other person liable for damages for such bodily injury, property damage or wrongful death: *Provided, however,* That the plaintiff shall not recover judgment except upon competent evidence other than the testimony of said injured person or persons and the testimony of the injured person or persons, by itself, shall not be sufficient to overcome the presumption of due care on the part of the deceased tort feasor.

The proviso, fixing the source of proof necessary to warrant recovery, created confusion and crippled the effect of the statute. Richards, *Survival of Actions—Death of Tort–Feasor,* 28 Wash. L. Rev. 201 (1953). Undoubtedly, the Legislature had this in mind when, in 1961, they repealed RCW 4.20.045 and enacted the general survival statute, RCW 4.20.046. Laws of 1961, ch. 137, §§ 1, 2, p. 1681. This new legislation canceled the crippling effect of the proviso to the 1953 statute and clarified the law by stating unequivocally that all causes of action survive the death of either party. Senate Bill 63 later codified as RCW 4.20.046 although containing a number of repealers made no attempt to repeal RCW 4.20.060.

RCW 4.20.046 was contained in Senate Bill 63 in the 1961 legislative session. The House of Representatives amended the bill by adding the proviso excluding damages for pain and suffering. The following discussion occurred in the House debate on this amendment. House Journal, 37th

Legislature (1961), at 924:

Mr. Schaefer:
"Mr. Speaker, will Mr. Andersen yield to a question?"
The Speaker:
"Will you yield to a question, Mr. Andersen?"
Mr. Andersen (James A.):
"Yes, indeed."
Mr. Schaefer:
"Where do you see in this bill that it doesn't apply to accidents that didn't cause the death? I don't see that in the bill."
Mr. Andersen:
"There is another statute that covers the situation you are referring to."
Mr. Schaefer:
"Would this amendment be in conflict with that statute?"
Mr. Andersen:
"Not at all."

Yielding to Question

Mr. Comfort:
"Mr. Speaker, will Mr. Andersen yield to a question?"
The Speaker:
"Will you yield to a question, Mr. Andersen?"
Mr. Andersen (James A.):
"Yes."
Mr. Comfort:
"You refer to an accident that didn't cause death. Did the accident cause pain and suffering?"
Mr. Andersen:
"Yes, it did."
Mr. Comfort:
"The accident caused the pain and suffering, but because of the intervention of death, you are saying, if this amendment passes there would be no recovery for the pain and suffering that the accident caused?"
Mr. Andersen:
"That is right. You have to draw the line someplace, Mr. Comfort."

This colloquy clearly shows that the Legislature did not believe the general and special survival statutes to be in conflict. Where the decedent's personal injuries did not cause his death, and no statutory beneficiaries exist under

the special statute, RCW 4.20.046 applies and precludes recovery of damages for the decedent's pain and suffering. However, where the beneficiaries listed in RCW 4.20.060 exist, and where the personal injuries occasion death, the decedent's pain and suffering are recoverable elements of damages under RCW 4.20.060.

In the present case, both conditions are met. Mr. Walton died from personal injuries received in a fall at a construction site. Mrs. Walton brought this suit as the personal representative of the estate, on behalf of herself as surviving spouse, and the Waltons' dependent minor children. Damages for the decedent's pain and suffering are recoverable for these beneficiaries pursuant to RCW 4.20.060.

## CONCLUSION

We reverse the trial court's partial summary judgment and remand for further proceedings in accordance with the provisions of this opinion.

WILLIAMS, C.J., UTTER, BRACHTENBACH, DOLLIVER, and PEARSON, JJ., and CUNNINGHAM and HENRY, JJ. Pro Tem., concur.

DIMMICK, J., concurs in the result.