[No. 50644–2.   En Banc.   December 12, 1985.]

LOUISE HIGBEE, as *Executrix*, ET AL, *Petitioners*,
v. SHOREWOOD OSTEOPATHIC HOSPITAL,
ET AL, *Respondents*.

*Charles J. Brocato*, for petitioners.

*Reed, McClure, Moceri & Thonn*, by *Jeffrey P. Smith*, for respondent Shorewood Osteopathic Hospital.

*Lane, Powell, Moss & Miller*, by *Daniel Gandara* and *Thomas C. Sorenson*, for respondents Breda.

*Williams, Lanza, Kastner & Gibbs*, by *JoAnne L. Tompkins* and *Philip J. VanDerhoef*, for respondents Maeser.

ANDERSEN, J.—

## FACTS OF CASE

At issue in this case are the damages recoverable by nondependent children of a decedent in an action brought under the special personal injury survival statute, RCW 4.20.060.

The decedent, Viola McKinnon, died while a patient at the Shorewood Osteopathic Hospital. Her two daughters individually, and one as executrix, filed a medical malpractice action as plaintiffs against the hospital, Dr. and Mrs. Uri W. Breda, Dr. and Mrs. Sherwin M. Maeser and several hospital staff members.[1] Plaintiffs prayed damages for the pain and suffering experienced by the decedent prior to her death.

Defendants' motion to dismiss the pain and suffering claim was granted on the ground that it failed to state a claim upon which relief could be granted. CR 12(b)(6). We granted discretionary review of that order.

There is one issue.

## ISSUE

May a nondependent child recover damages for a deceased parent's pain and suffering under Washington's special survival statute, RCW 4.20.060?

## DECISION

CONCLUSION. Children need not establish their dependency on a deceased parent in order to recover damages under the special survival statute, RCW 4.20.060; the dependency qualification pertains only to parents, sisters and brothers of the decedent. Accordingly, the trial court's order dismissing plaintiffs' claim for damages for pain and suffering is reversed.

There are two survival statutes. The first is a *special* statute. It provides:

---

[1] The Bredas and Shorewood Osteopathic Hospital settled shortly before oral arguments in this court.

No action for a personal injury to any person occasioning death shall abate, nor shall such right of action determine, by reason of such death, if such person has a surviving spouse or child living, including stepchildren, or leaving no surviving spouse or such children, if there is dependent upon the deceased for support and resident within the United States at the time of decedent's death, parents, sisters or brothers; but such action may be prosecuted, or commenced and prosecuted, by the executor or administrator of the deceased, in favor of such surviving spouse, or in favor of the surviving spouse and such children, or if no surviving spouse, in favor of such child or children, or if no surviving spouse or such child or children, then in favor of the decedent's parents, sisters or brothers who may be dependent upon such person for support, and resident in the United States at the time of decedent's death.

RCW 4.20.060, as amended by Laws of 1985, ch. 139, § 2, p. 552.

The second survival statute is the *general* survival statute. It reads in pertinent part:

(1) All causes of action by a person or persons against another person or persons shall survive to the personal representatives of the former and against the personal representatives of the latter, whether such actions arise on contract or otherwise, and whether or not such actions would have survived at the common law or prior to the date of enactment of this section: *Provided, however,* That no personal representative shall be entitled to recover damages for pain and suffering, anxiety, emotional distress, or humiliation personal to and suffered by a deceased.

RCW 4.20.046(1) (part).

The original survival statute (RCW 4.20.060) dates back to territorial days. It is a *special* statute which relates only to the survivability of personal injury actions where the personal injury also causes the death of the injured person. This statute originally provided that a decedent's cause of action for personal injuries survived to the decedent's "wife

or child living".[2] They, of course, particularly in that day, would likely have been dependent on the husband and father for support. Then in 1909 the Legislature expanded the scope of that statute by amending it to also provide survivability in those cases where, although the decedent did not leave a wife or child, he died leaving surviving parents, sisters or minor brothers who were "dependent upon him for support".[3] Finally, in 1973 the Legislature modernized the statute by changing the reference from a surviving "wife" to a surviving "spouse",[4] thus providing that an action could be brought under this statute regardless of which spouse was fatally injured.

In 1961, many years after the enactment and 1909 amendment to the special statute, the Legislature enacted a new *general* survival statute, RCW 4.20.046. This general statute provided for survivability of all causes of action to the decedent's personal representative.[5] By a floor amendment to the bill in the House of Representatives, the words were added that "no personal representative shall be entitled to recover damages for pain and suffering," etc.[6] This amendment was adopted by the full Legislature and is a part of the statute.

██ On the face of it then, this left the situation as follows. Where a decedent's personal injuries also cause the decedent's death, the decedent's spouse and living children can recover for the decedent's pain and suffering under the special survival statute (RCW 4.20.060), and if there is no surviving spouse or living child, then the decedent's parents, sisters or brothers in this country who are dependent on the decedent for support can recover for the decedent's

---

[2]Code of 1881, § 18, based on Laws of 1854, p. 220, § 495.

[3]Laws of 1909, ch. 144, § 1, p. 566.

[4]Laws of 1973, 1st Ex. Sess., ch. 154, § 3, p. 1124.

[5]Laws of 1961, ch. 137, § 1, p. 1681.

[6]House Journal, 37th Legislature (1961), at 923–24.

pain and suffering under that statute. In enacting the special survival statute and its amendments, the Legislature thus decided that the right to recover damages for a decedent's pain and suffering would be cut off after these particular beneficiaries.

It seems reasonably clear on the face of it that the 1961 Legislature simply carried this policy decision over into the general survival statute (RCW 4.20.046(1)) by adopting the amendment which prohibited a decedent's personal representative from recovering under the general statute what the personal representative was prohibited from recovering under the special statute, *i.e.*, damages for a decedent's pain and suffering on behalf of remote beneficiaries. This is confirmed by the colloquy on the floor of the House at the time the amendment was adopted.[7]

This view also accords with the principle that where one statute deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible;[8] and with the further principle that if there is any conflict between such statutes, the special act will prevail unless it appears that the Legislature intended to make the general act controlling.[9] The Legislature perceived no conflict between these two statutes, nor do we.

Finally, it should be added that the two statutes apply to different actions brought on behalf of different parties.[10] The general survival statute (RCW 4.20.046) applies to actions brought by a personal representative on behalf of the estate for injuries suffered by a decedent that did not

---

[7]See the discussion of this legislative history in *Walton v. Absher Constr. Co.*, 101 Wn.2d 238, 243–44, 676 P.2d 1002 (1984).

[8]2A N. Singer, *Statutory Construction* § 51.05, at 499 (4th ed. 1984).

[9]N. Singer, at 499; *Pannell v. Thompson*, 91 Wn.2d 591, 597, 589 P.2d 1235 (1979); *Port Townsend Sch. Dist. 50 v. Brouillet*, 21 Wn. App. 646, 655–56, 587 P.2d 555 (1978).

[10]*Walton*, at 244–45.

cause the decedent's death.[11] The special survival statute (RCW 4.20.060) applies only to actions brought by a personal representative on behalf of statutorily designated beneficiaries for injuries that caused the decedent's death.[12] Recovery under the special survival statute thus serves a distinctive purpose in that it is for the exclusive benefit of the beneficiaries and is not an asset of the estate; therefore, a decedent's creditors cannot reach damages recovered thereunder.[13]

The defendants principally rely on *Walton v. Absher Constr. Co.*, 101 Wn.2d 238, 676 P.2d 1002 (1984) in arguing that the dependency provisions in the special survival statute qualify all of the beneficiaries listed, including children. While it is true that *Walton* does mention "dependent" beneficiaries as those entitled to damages, it does so because in that case the beneficiaries seeking recovery were *obviously dependents*, namely, the decedent's widow and her minor children.

This court addressed the issue of beneficiaries and dependency more directly in an earlier case interpreting a predecessor statute that closely resembled the modern special survival statute (RCW 4.20.060):

> [The predecessor statute] . . . is merely a survival statute, providing for the survival of causes of action which a minor might have had had he lived, to be prosecuted by his personal representative if he die leaving a wife or child, or if no wife or child, then parents, sisters or minor brothers, residents of the United States and dependent upon him for support, . . .

*Machek v. Seattle*, 118 Wash. 42, 47, 203 P. 25 (1921).

Several commentators have also read the current special survival statute as similarly excluding spouses and children

---

[11]*Walton*, at 245.

[12]*Walton*, at 245; *Washington Wrongful Death and Survival Actions*, 6 Gonz. L. Rev. 314, 323 (1971).

[13]*See* Comment, *Damages in Washington Wrongful Death Actions*, 35 Wash. L. Rev. 441 n.7 (1960).

from the dependency requirement. They conclude that the beneficiaries under the special survival statute are identical to those under the wrongful death statute, RCW 4.20.020, which clearly exempts spouses and children from the dependency qualification.[14]

In the final analysis, we conclude that under the special survival statute (RCW 4.20.060), surviving spouses and children do not need to establish their dependency on a decedent in order to bring an action or recover damages for the decedent's pain and suffering. The dependency qualification in that statute applies only to parents, sisters and brothers of a decedent.

The trial court's order dismissing plaintiffs' damage claim for the decedent's pain and suffering is reversed and the case is remanded for further proceedings.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, DORE, PEARSON, CALLOW, GOODLOE, and DURHAM, JJ., concur.

---

[14]*See* Martin, *Measuring Damages in Survival Actions for Tortious Death,* 47 Wash. L. Rev. 609, 617 (1972); 6 Gonz. L. Rev. at 323; Washington Legislation— 1961, *Torts, Survival of Actions,* 36 Wash. L. Rev. 331, 333 (1961); Comment, 35 Wash. L. Rev. at 441.