[No. 8555-4-III.   Division Three.   May 5, 1988.]

GARRY J. VAIL, as *Personal Representative, Respondent,* v. LYNN M. TOFTNESS, as *Personal Representative, Appellant.*

*Brian Iller* and *Raekes, Rettig & Osborne,* for appellant.

*Douglas Takasugi* and *Jeffers, Danielson, Sonn & Aylward,* for respondent.

MUNSON, J.—Lynn Toftness, personal representative of the estate of Danny Toftness, appeals the trial court's ruling that *Freehe v. Freehe,* 81 Wn.2d 183, 500 P.2d 771 (1972) did not apply to this case. We affirm.

On March 25, 1983, Danny and Cindy Toftness, husband and wife, were killed when a freight train collided with their car. Mr. Toftness was driving the car; Mrs. Toftness was a passenger. They died intestate without children; but Mr. Toftness was survived by three children from a previous marriage, none of whom were adopted by Mrs. Toftness.

Garry Vail, personal representative of the estate of Mrs. Toftness, brought a survival action under RCW 4.20.046 for the benefit of the estate and a wrongful death action under RCW 4.20.010, for the benefit of Mrs. Toftness' stepchildren against the estate of Mr. Toftness, alleging his negligence caused the accident. The court authorized a partial settlement whereby Mr. Toftness' estate would pay $60,000 to Mrs. Toftness' estate which, after payment of attorney fees, would go to the parents of Mrs. Toftness. The parties also agreed that because there was insufficient evidence as to who died first, the property of each would be distributed as if each spouse had survived the other. The property distributed by each estate would include the decedent's one-half interest in the community property and all of the decedent's separate property.

Mrs. Toftness' estate filed a motion asking the court to determine as a matter of law whether *Freehe v. Freehe, supra,* reduced its recovery for her loss of future earnings by one-half. The court held *Freehe* did not apply. Mr. Toftness' estate appeals.

*Freehe* abolished the doctrine of interspousal immunity and fashioned a remedy which sought to compensate the injured spouse without unduly benefiting the tortfeasor

spouse. The court held that in such a case (1) special damages are recoverable by the community; (2) general damages for loss of future earnings which would have constituted community property are recoverable in the fraction of one–half by the injured spouse as his or her separate property; and (3) general damages for pain and suffering, emotional distress, etc., are fully recoverable by the injured spouse as his or her separate property. *Freehe,* at 192.

Although Mr. and Mrs. Toftness both died, Mr. Toftness' estate contends *Freehe* applies because under RCW 4.20.046(1) the nature of the property should be determined as if both had lived. We disagree. RCW 4.20-.046(1), the general survival statute, provides in part:

All causes of action by a person or persons against another person or persons shall survive to the personal representatives of the former and against the personal representatives of the latter, whether such actions arise on contract or otherwise, . . . The liability of property of a husband and wife held by them as community property to execution in satisfaction of a claim enforceable against such property so held shall not be affected by the death of either or both spouses; and a cause of action shall remain an asset as though both claiming spouses continued to live despite the death of either or both claiming spouses.

It is doubtful the statute contemplated suits between spouses since it was enacted in 1961 while interspousal immunity was not abolished until 1972.

Mr. Toftness' estate, citing *In re Marriage of Brown,* 100 Wn.2d 729, 675 P.2d 1207 (1984), contends compensation for loss of future earnings which would have been earned during the marriage but for the injury is community property. In *Brown,* the wife was injured in an automobile accident shortly before she brought an action for dissolution. In discussing the distribution in the dissolution action for the loss of future earnings recovered in the tort action, the court stated:

We note that in most cases, compensation for lost wages and diminished earning capacity will be community property, because the wages which would have been earned during the marriage but for the injury are community. *Colagrossi v. Hendrickson*, 50 Wn.2d 266, 272, 310 P.2d 1072 (1957). However, if a marriage is dissolved after the injury is sustained, it may be that the recovery will compensate the injured spouse in part for wages which would have been earned after separation, and would therefore have been separate property pursuant to RCW 26.16.140.

*Brown*, at 738.

If Mrs. Toftness had not died, her future earnings would have been her separate property under *Brown*. However, her future earnings cannot be characterized as if the community was still in existence. Upon the death of either spouse, the community is dissolved and community property becomes the separate property of each spouse or his or her estate. *In re Estate of Mell*, 105 Wn.2d 518, 523, 716 P.2d 836 (1986); *deNoskoff v. Scott*, 36 Wn. App. 424, 426–27, 674 P.2d 687 (1984); *Edmonds v. Ashe*, 13 Wn. App. 690, 695, 537 P.2d 812, *review denied*, 86 Wn.2d 1001 (1975). "References to community property existing after the death of a spouse are made merely as an aid to administration." *Edmonds*, at 695. Thus, Mrs. Toftness' estate is entitled to the full amount of her future earnings. *Freehe* does not apply.[1]

---

[1]There is no recovery under the wrongful death statute, RCW 4.20.010, or the special survival statute, RCW 4.20.060, because there are no surviving statutory beneficiaries of Mrs. Toftness. Likewise, Mr. Toftness' children may not recover because his negligence caused the accident. *See Ginochio v. Hesston Corp.*, 46 Wn. App. 843, 733 P.2d 551 (1987). Mrs. Toftness' loss of future earnings are recoverable under the general survival statute, RCW 4.20.046. We disagree with the suggestion in *Higbee v. Shorewood Osteopathic Hosp.*, 105 Wn.2d 33, 37–38, 711 P.2d 306 (1985) that RCW 4.20.046 applies only where the decedent's injuries did not cause the decedent's death. *Cf. Walton v. Absher Constr. Co.*, 101 Wn.2d 238, 244–45, 676 P.2d 1002 (1984). There is no such limitation in the statute. Were we to read RCW 4.20.046 so restrictively, the estate of a decedent with no surviving statutory beneficiaries could not recover for injuries which caused the decedent's death, such as here. That result is clearly not the intent of these statutes.

322

The judgment is affirmed.

McINTURFF, C.J., and THOMPSON, J., concur.