[No. 12646-3-III. Division Three. February 22, 1994.]

ROLANDO CAVAZOS, ET AL, *Respondents*, v. DIANNE
FRANKLIN, ET AL, *Petitioners*.

*Michael L. O'Donnell, Diehl R. Rettig,* and *Raekes, Rettig, Osborne, Forgette & O'Donnell,* for petitioners.

*Timothy D. Anderson* and *Hames, Anderson & Whitlow,* for respondents.

· VAN NUYS, J.* — Dianne Franklin seeks review of the denial of her motion for summary judgment, contending there is no cause of action under the survival statute, RCW 4.20.046, for a viable unborn child who was negligently killed in an automobile accident. We affirm.

Karla Cavazos was 8 months pregnant when Dianne Franklin's vehicle rear-ended her vehicle at a stoplight. The collision occurred at 12:40 p.m. on May 7, 1991. Later that day, doctors confirmed that Ms. Cavazos' unborn child, who until then had been healthy, had died. Ms. Cavazos conferred with her husband and decided to have labor induced; after 27 hours of hard labor, a stillborn baby boy was delivered on May 9, 1991. The pathologist report prepared by Dr. Michael R. Cummings indicated that the mechanism of death was "blunt organ trauma resulting from maternal seat belt injury associated with motor vehicle accident".

On October 17, 1991, Mr. and Mrs. Cavazos were appointed coadministrators of the estate of the unborn baby Cavazos. On November 27, they filed a complaint against Ms. Franklin for personal injuries and wrongful death proximately caused by her negligence. The requested damages included loss of income, permanent destruction of earning capacity, medical, funeral, and burial expenses, and general damages.

On May 7, 1992, Superior Court Judge Carolyn Brown denied Ms. Franklin's motion for summary judgment dismissal of the wrongful death claim for the estate of the unborn child. Ms. Franklin's motion for discretionary review in this court was granted.

---

*Judge Heather Van Nuys is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

■ In reviewing an order of summary judgment, the appellate court undertakes the same inquiry as the trial court and determines whether the moving party has shown "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c); *Hartley v. State*, 103 Wn.2d 768, 774, 698 P.2d 77 (1985). The court must consider the materials submitted and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982).

The sole issue in this appeal is one of law: whether the personal representative of a viable[1] unborn child who was killed by a third party's negligence may maintain a survival cause of action under RCW 4.20.046. While Washington has not yet ruled on this particular question, the issue rests on familiar principles of Washington law.

■■ Washington statutes have created three causes of action which may apply to the tortious death of a child. RCW 4.20.010; RCW 4.20.046; RCW 4.24.010. These statutes, being remedial in nature, are to be liberally construed. *Gray v. Goodson*, 61 Wn.2d 319, 324, 378 P.2d 413 (1963); *Johnson v. Ottomeier*, 45 Wn.2d 419, 423, 275 P.2d 723 (1954). The Legislature enacted these statutes to remedy an anomalous twist in the common law which allowed victims of tortious injury to sue if they survived, but barred their claims if they died:

> The result was that it was more profitable for the defendant to kill the plaintiff than to scratch him, and that the most grievous of all injuries left the bereaved family of the victim, who frequently were destitute, without a remedy.

*Warner v. McCaughan*, 77 Wn.2d 178, 182, 460 P.2d 272 (1969) (quoting William L. Prosser, *Torts* § 121 (3d ed. 1964)).

■ The Cavazoses' cause of action is brought under the general survival statute, RCW 4.20.046.[2] This statute, passed

---

[1]Here, viability is not a disputed issue.

[2]RCW 4.20.046 reads in pertinent part:

"(1) All causes of action by a person or persons against another person or persons shall survive to the personal representatives of the former and against the personal representatives of the latter, whether such actions arise on contract or otherwise . . . .".

by the Legislature in 1961, was fashioned to remedy confusion that had arisen under predecessor statutes. *See Walton v. Absher Constr. Co.*, 101 Wn.2d 238, 243, 676 P.2d 1002 (1984); *Harvey v. Cleman*, 65 Wn.2d 853, 856-57, 400 P.2d 87 (1965); *Cooper v. Runnels*, 48 Wn.2d 108, 112-13, 291 P.2d 657, 57 A.L.R.2d 597 (1955). The statute was made to state, unequivocally, that *all* causes of action survive the death of either party. *Walton*, at 243; *Warner*, at 182; *Harvey*, at 857.

It is well-settled law that the estate of a person who dies after birth can maintain a survival cause of action under RCW 4.20.046. *Criscuola v. Andrews*, 82 Wn.2d 68, 69, 507 P.2d 149 (1973); *Balmer v. Dilley*, 81 Wn.2d 367, 370-71, 502 P.2d 456 (1972); *Hinzman v. Palmanteer*, 81 Wn.2d 327, 329-32, 501 P.2d 1228 (1972).

RCW 4.20.046 does not create a separate claim for the decedent's survivors; it merely preserves the causes of action a person could have maintained had he or she not died. *White v. Johns-Manville Corp.*, 103 Wn.2d 344, 358, 693 P.2d 687, 49 A.L.R.4th 955 (1985). Thus, the only prerequisite to maintaining a survival action is that the decedent could have maintained the action *had he or she lived. Moen v. Hanson*, 85 Wn.2d 597, 599, 537 P.2d 266 (1975).

Washington law has clearly held that one who is injured before birth by another's negligence may recover damages for the injury *if he or she lives* after birth. *Seattle-First Nat'l Bank v. Rankin*, 59 Wn.2d 288, 291, 367 P.2d 835 (1962). *Rankin*, at 291, held:

> The precise question presented, therefore, is whether one who is injured prior to birth by the negligence of another may recover, after birth, damages for the injury. . . . We have examined the cases in point, and conclude that the more just rule is that which permits a claim to recover for prenatal injuries.

*Moen*, at 599, relied on precisely the same reasoning: "if the Moen child had survived the collision, he would have been able to pursue a cause of action *on his own behalf* for any injuries sustained en ventre sa mere."[3] (Italics ours.)

[3] In its mother's womb.

 Therefore, the unborn baby Cavazos could have maintained a cause of action for the negligent injuries sustained in the womb had he lived to be born. *Rankin,* at 291; *Moen,* at 599. Thus, by operation of the general survival statute, his cause of action survives to his personal representatives. RCW 4.20.046; *Walton,* at 243; *Criscuola,* at 69; *Warner,* at 182. The viable Cavazos child suffered a prenatal injury, but died a few hours before labor was induced. To deny a cause of action in this case would revert back to the old twist of common law, which made it more profitable to kill than to injure, and would directly contravene the remedial purposes of Washington statutory law.

This conclusion is consistent with related Washington cases. *Moen v. Hanson, supra,* has held that a viable unborn child is a "minor child" for purposes of RCW 4.24.010; thus, the parents of such minor child are entitled to sue on their own behalf for the death of their child. The *Moen* court, at pages 599-600, recognized that "an unborn viable child traditionally has legal existence, personality and rights . . .". The *Rankin* court, at pages 291-92, recognized that it was harsh, untrue, and unjustified to deny the separate legal existence of a viable fetus.

Moreover, our conclusion that a viable unborn child's causes of action survive to his or her personal representatives is consistent with the growing majority rule, adopted by 32 jurisdictions to date, that a viable unborn child is a "person" under state wrongful death statutes.[4]

---

[4]*Simmons v. Howard Univ.,* 323 F. Supp. 529 (D.D.C. 1971); *Eich v. Gulf Shores,* 293 Ala. 95, 300 So. 2d 354 (1974); *Summerfield v. Superior Court,* 144 Ariz. 467, 698 P.2d 712 (1985); *Hatala v. Markiewicz,* 26 Conn. Supp. 358, 224 A.2d 406 (Super. Ct. 1966); *Worgan v. Greggo & Ferrara, Inc.,* 50 Del. 258, 128 A.2d 557 (Super. Ct. 1956); *Porter v. Lassiter,* 91 Ga. App. 712, 87 S.E.2d 100 (1955); *Volk v. Baldazo,* 103 Idaho 570, 651 P.2d 11 (1982); *Chrisafogeorgis v. Brandenberg,* 55 Ill. 2d 368, 304 N.E.2d 88 (1973); *Britt v. Sears,* 150 Ind. App. 487, 277 N.E.2d 20 (1971); *Hale v. Manion,* 189 Kan. 143, 368 P.2d 1 (1962); *Mitchell v. Couch,* 285 S.W.2d 901 (Ky. 1955); *Danos v. St. Pierre,* 402 So. 2d 633, 637 (La. 1981); *State ex rel. Odham v. Sherman,* 234 Md. 179, 198 A.2d 71 (1964); *Mone v. Greyhound Lines, Inc.,* 368 Mass. 354, 331 N.E.2d 916 (1975); *O'Neill v. Morse,* 385 Mich. 130, 188 N.W.2d 785 (1971); *Verkennes v. Corniea,* 229 Minn. 365, 38 N.W.2d 838, 10 A.L.R.2d 634 (1949); *Rainey v. Horn,* 221 Miss. 269, 72 So. 2d 434 (1954); *O'Grady*

■ Ms. Franklin raises the objection that a personal representative is barred from maintaining both a wrongful death action and a survival action. This is not true. Both causes of action are distinct, and spring from the same wrongful act which inflicts injury on both the child and its parents. *Hedrick v. Ilwaco Ry. & Nav. Co.*, 4 Wash. 400, 404, 30 P. 714 (1892); *Masunaga v. Gapasin*, 52 Wn. App. 61, 64, 757 P.2d 550 (1988). *See Warner*, at 179. If the parents meet the statutory criteria, they have an election of remedies and may sue under either the wrongful death statute (RCW 4.20.010) or the parental claim for death of a child statute (RCW 4.24.010). *Machek v. Seattle*, 118 Wash. 42, 45, 48, 203 P. 25 (1921); *Masunaga v. Gapasin*, 57 Wn. App. 624, 627-28, 790 P.2d 171, *review denied*, 115 Wn.2d 1012 (1990). However, in addition to either of the remedies just mentioned, the administrator can maintain an entirely independent survival action. *Machek*, at 48.

Ms. Franklin also raises the objection that allowing both a wrongful death action and a survival action would grant an unfair double recovery to the plaintiffs. As noted above, the same wrongful act causes two distinct classes of injury: injury to the child in its own right and injury to the parents.

Moreover, the damages allowable under each cause of action are distinct. Under RCW 4.20.046, the decedent's administrator is entitled to maintain an action for the following damages: disability with its attendant permanent loss of earning power; burial and funeral expenses; medical and hospital expenses; and general damages to the decedent's estate. *Warner v. McCaughan, supra* at 180, 184. However,

---

*v. Brown*, 654 S.W.2d 904 (Mo. 1983); *White v. Yup*, 85 Nev. 527, 458 P.2d 617 (1969); *Poliquin v. MacDonald*, 101 N.H. 104, 135 A.2d 249 (1957); *Salazar v. St. Vincent Hosp.*, 95 N.M. 150, 619 P.2d 826 (1980); *Hopkins v. McBane*, 359 N.W.2d 862 (N.D. 1984); *Werling v. Sandy*, 17 Ohio St. 3d 45, 476 N.E.2d 1053 (1985); *Evans v. Olson*, 550 P.2d 924 (Okla. 1976); *Libbee v. Permanente Clinic*, 268 Or. 258, 518 P.2d 636, 520 P.2d 361 (1974); *Presley v. Newport Hosp.*, 117 R.I. 177, 365 A.2d 748, 84 A.L.R.3d 391 (1976); *Fowler v. Woodward*, 244 S.C. 608, 138 S.E.2d 42 (1964); *Nelson v. Peterson*, 542 P.2d 1075 (Utah 1975); *Vaillancourt v. Medical Ctr. Hosp. of Vt., Inc.*, 139 Vt. 138, 425 A.2d 92 (1980); *Moen v. Hanson, supra; Baldwin v. Butcher*, 155 W. Va. 431, 184 S.E.2d 428 (1971); *Kwaterski v. State Farm Mut. Auto. Ins. Co.*, 34 Wis. 2d 14, 148 N.W.2d 107 (1967).

the statute expressly prohibits recovery for the decedent's pain and suffering. *Warner*, at 182. On the other hand, parents suing in their own right are entitled to recover damages for pain and suffering under RCW 4.24.010. Thus, the damages are not duplicative.

We conclude that a viable unborn child's cause of action survives to the personal representative of his or her estate.

We affirm.

THOMPSON, C.J., and MUNSON, J., concur.